Bates *et al. v.* Bulkley.

JOHN BATES *et al.,* appellants, *v.* NOAH BULKLEY, appellee.

### *Appeal from Cook.*

A suit was commenced before a justice of the peace upon a note for one hundred dollars, payable in twenty days. Judgment was rendered for the plaintiff for that amount, and the defendant appealed to the Circuit Court, where they moved to dismiss the cause for want of jurisdiction in the justice: *Held,* that the justice had jurisdiction, as the face of the note did not exceed one hundred dollars, and the plaintiff did not claim interest.

In a suit brought into the Circuit Court, by appeal from the judgment of a justice of the peace, after a motion to dismiss was overruled, the defendant offered to give evidence of usury, but the Court refused to receive it: *Held,* that this defence come too late, not having been made at the trial before the justice.

In suits before justices of the peace, it is incumbent on the defendant to state his defence before the commencement of the trial, so that the plaintiff may have notice of it; and it is the duty of the justice to note on his docket the substance of the defence thus stated, that it may be known, should occasion subsequently require, what were the questions tried before the justice.

Where a motion for a new trial is made on the ground that the finding of the Court is against the evidence, and is overruled, it should appear from the bill of exceptions that it contains *all* the evidence; if it does not so appear, the appellate Court will not reverse the judgment.

THIS was a case originally brought before a justice of the peace of Cook county, and taken by appeal into the Cook Circuit Court. It was heard before the Hon. Jesse B. Thomas, without the intervention of a jury, at the March term 1845, when a judgment was rendered for the plaintiff for $100.

The suit was commenced on the 16th day of January, 1844, and the summons was made returnable on the 22d day

of the same month. The following is a copy of the note upon which the suit was brought:

"$100.　　　　　　　Chicago, Illinois, Dec. 11, 1843.

Twenty days from date, we jointly and severally promise to pay Noah Bulkley, or order, one hundred dollars for value received.

(Signed)　　　　　　　　　　　　　John Bates, Jr.
　　　　　　　　　　　　　　　　　　Elias Waring."

The other material facts are stated in the Opinion of the Court. The case was submitted on written arguments.

*J. Y. Scammon & N. B. Judd*, for the appellants, relied on the following points and authorities:

The statute in relation to justices' jurisdiction, passed March 2, 1833, provides, that they shall have jurisdiction in cases where the debt or demand originally exceeded the sum of one hundred dollars, but had been reduced below that sum by fair credits. Gale's Stat. 425.

The interest due upon the one hundred dollars was as much a part of the debt as the amount mentioned in the note.

The credit of interest allowed, as mentioned in the bill filed, was not a fair credit within the meaning of the statute, it being apparent that it was given merely to confer jurisdiction upon the magistrate, and consequently comes within the principle laid down in *Hugunin* v. *Nicholson*, 1 Scam. 576.

No indorsement was made, or credit given upon the note.

The case of *Simpson* v. *Updegraff*, 1 Scam. 574, cannot be relied on as authority in this case, as no principle is laid down in the decision and opinion of the Court, that can be adopted as a general rule in all cases.

The statute in relation to interest provides, that whenever it shall appear to the Court, before whom the action is tried, by the pleadings that a greater rate of interest has been taken than allowed by law, the Court shall deduct, &c. Gale's Stat. 343.

No plea of usury was required in this case, as there are no pleadings required in a justice's Court. *Ballance* v. *Frisby*, 2 Scam. 63.

Bates *et al. v.* Bulkley.

The evidence given by defendants showed the payment of the note sued upon—by cash $30, and a new note for the balance. The memorandum was in the hand writing of·the plaintiff and in the possession of the defendants, and dated four days after the note became due; it was a distinct admis‑‑ sion of the payment of the note for $100. Plaintiff testified that he never had but one note for that sum against the defendants, and that was the one now in suit. His declaration, that he never received the thirty dollars, cannot do away with his written admission of that fact when he further states, that he cannot recollect the circumstances under which he made the admission, and also, that he had a clerk and agent, Charles H. Chapman, who was in the habit of receiving money for him and·on his account, and who was the person that managed the matter when the original bond was made. If the clerk failed to account to his principal for the money, it was no fault of defendants; they having paid the same, as admitted by the plaintiff, are entitled to be discharged from further liability upon the same.

*H. Brown,* for the appellee.

The case of *Simpson* v. *Updegraff,* 1 Scam. 594, is precisely in point. In that, the note was given for $100 payable on the 20th day of October, 1838. The suit was brought two days thereafter. No interest in that case was claimed, nor was there in this.

The evidence of usury offered, was properly rejected. No such attempt was made in the justice's Court, and no pleadings to that effect in this. See the Act to regulate the interest of money, April 2, 1833, §§ 3, 6. The evidence was therefore inadmissible.

As to the third point, to wit: that the judgment was against evidence, it cannot be pretended, that any evidence whatever was given for the defendants entitled to any consideration. A memorandum was produced in the hand writing of Bulkley, without date or signature, and without any thing to show its connection with the note in issue. Bulkley was called upon to explain it by defendants and testifies that he never received any money from either of them.

The Opinion of the Court was delivered by

CATON, J. On the 16th day of January, 1844, Bulkley sued Bates and Waring before a justice of the peace on a note for one hundred dollars, payable twenty days from date, December 11, 1843. The summons was served, and on the return day, the defendants not appearing, a judgment was rendered for the plaintiff for one hundred dollars, the amount of his claim. The defendant below appealed to the Circuit Court, where the cause was submitted to the Court for trial, and the judgment affirmed for the same amount. The case is brought here by appeal.

The bill of exceptions shows, that on the trial below the plaintiff read in evidence the same note, whereupon the defendants moved the Court to dismiss the cause for want of jurisdiction in the justice of the peace, which motion was overruled by the Court, and this is the first error assigned.

This precise question was decided by this Court in the case of *Simpson* v. *Updegraff*, 1 Scam. 594, where it was held, that the justice had jurisdiction where the face of the note did not exceed one hundred dollars, although the party might have claimed interest on it, had he chosen so to do, which would have made the whole amount exceed one hundred dollars. In that case as in this, nothing was said about interest in the note itself, so that interest could not commence at any rate till the maturity of the note. It is said in in the written argument of the counsel for the appellants, that that case ought not to be considered as authority, because no principle is laid down in the decision and opinion of the Court, that can be adopted as a general rule in all cases. It is sufficient that the decision was in precisely such a case as this, and that it establishes a particular rule to govern such particular cases. The interest in such a case is a mere incident to the note which the party may, or may not claim, as he chooses. Suppose that the plaintiff below had received the amount of the note, exclusive of the interest, and without saying any thing about the interest, I presume it would not be contended, that he could subsequently have set up a claim for the interest. The creditor may, if he choose, claim interest on an account stated after the balance due has been

agreed upon, and yet we should hardly expect to hear it questioned, that a justice of the peace would have jurisdiction of such an account, where it did not exceed one hundred dollars. In that decision of the Court there was no error.

We further learn from the bill of exceptions, that after the decision of the motion to dismiss, and the plaintiff had rested his cause, the defendants "offered to give evidence of usury, which was objected to by the plaintiff, and the Court refused to receive evidence proving usury, to which decision the defendants excepted." For this decision, the second error is assigned.

The defendants come too late with this defence. Properly it should have been interposed before the justice, and at all events, they should have asked and obtained leave of the Circuit Court to interpose that defence before the trial commenced, so that the plaintiff might have notice of it and prepare himself with rebutting evidence. Had such an application been made to the Court in proper season, and any reasonable excuse shown why it was not presented before the justice, in the exercise of a sound discretion, the Court would probably have allowed the defence to have been then interposed. On the part of the appellant it is said, that no plea of usury was necessary in this case, because no pleadings are required in a justice's Court, and the statute requires that usury shall be pleaded. It is true, there are no written pleadings required in a justice's Court, but still it is incumbent on the defendant to state his defence in that Court before the commencement of the trial, so that the other party may have notice of it; and it is the duty of the justice to note down in his docket, the substance of the defence thus stated, so that, if subsequent occasion should require, it may be known what were the questions tried before the justice. That would undoubtedly be a sufficient pleading of the usury to answer the requirements of the statute.

A motion was made for a new trial, and the two decisions above referred to were assigned as causes, and also that the

finding of the Court was against the evidence, which motion was overruled by the Court, to which decision the defendants excepted. This is the last error assigned.

The bill of exceptions show that the defendants produced a paper in the handwriting of the plaintiff, of which the following is a copy:

"January 4th, 1844.

| | | |
|---|---|---|
| "Payment on $100 note, | | $30 00 |
| "Interst on | 4 days, | 1 40 |
| "Interest on new note | 10 days, | 2 62 |
| | | $34 02" |

At the instance of the defendants, the plaintiff was sworn, and testified that the memorandum was in his handwriting; that he never had any other note against the defendants for one hundred dollars; that he did not particularly recollect the circumstances of making the memorandum; that he had never received the thirty dollars mentioned therein; that he could not recollect how he come to give the memorandum, or the circumstances under which it was given; that he never received any money from either of the defendants, on the note sued on. The plaintiff also testified, that one Chapman was his agent when the note was given; that he wrote the note and Chapman procured its execution; that Chapman was in the habit of receiving money for him.

This is the substance of the evidence given in the bill of exceptions, but whether it was all of the evidence given on the trial, we are not informed. The fact that the bill of exceptions does not show that it contains all of the evidence given on the trial, is conclusive against our reversing the judgment of the Court below for overruling the motion for a new trial, because its finding was against evidence. But admitting that we have all of the evidence before us, still we think it justified the Court in finding as it did. The memorandum was not signed by the plaintiff, and it is only by inference, and that not very satisfactory, that we can say it referred to a note between these parties. Besides, the defendants made a witness of the plaintiff, and are bound by his

testimony, and he swears that he never received any money whatever on this note, and if any was ever received by Chapman, for the plaintiff, he was a competent witness to prove it.

The judgment of the Circuit Court is affirmed with costs.

The following separate Opinion was delivered by

PURPLE, J. I concur with the Court in affirming the judgment in this case, but differ from the majority in relation to one of the principles decided.

An examination of the statute of this State concerning usury, has led me to the conclusion that such a defence cannot be made in a suit brought before a justice of the peace, and I will proceed to state the reasons which have produced this conviction. The fourth section of this statute, R. L. 395, provides, that "whenever any action brought on any contract or assurance for the payment of money or any other thing, it shall appear to the Court before which such action shall be tried, by the pleading in the case and on application of the defendant, that a greater rate of interest shall have been directly or indirectly reserved, discounted or taken than is allowed by this chapter, the defendant shall recover his full costs and the plaintiff shall forfeit three fold the amount of the interest reserved, discounted or taken, and shall have judgment and execution for the balance only which may remain due upon said contract or assurance after deducting three fold the amount of said interest, one third part of which shall be paid to the defendant and the remaining two thirds shall be paid into the county treasury of the county in which such suit shall have been instituted."

The fifth section of the same Act imposes the same penalty and forfeiture upon any person or corporation who shall contract to receive any greater sum or value than is by the same law allowed for the loan or forbearance of money or other thing, and gives the the penalty to the person sueing for the same, provided he be not one of the contracting parties, in which case it is to be paid into the county treasury.

The sixth section provides, that any person who may have

paid usurious interest may recover back three times the amount paid, by action of debt in any Court having jurisdiction thereof, or by bill in Chancery in the Circuit Court.

In no instance in this State has a justice of the peace jurisdiction to give judgment for a penalty or a forfeiture imposed by law, unless in the Act imposing such penalty or forfeiture, jurisdiction is expressly conferred. *Bowers* v. *Green,* 1 Scam. 42. How, or in what manner, is then, a justice of the peace to investigate this question of usury, and subject the plaintiff in the suit to penalties and forfeitures. If the law was designed by the Legislature to have any force or effect whatever, they must have intended to confer upon the tribunal in which questions of this sort were properly cognizable, full power and authority to give such judgment in favor of the parties entitled to the forfeiture, as would enable them to enforce the collection of the same. Of what avail would it be, to say that the plaintiff shall forfeit three fold the amount of the interest reserved, one third of which shall be paid to the plaintiff, and two thirds to the county, if the Court has no power to give judgment in favor of the party and the county for such forfeiture. If such judgment is not given, the object of the law and the manifest intention of the Legislature is defeated. If the Court can only adjudge that the plaintiff shall forfeit three fold the amount of the whole interest, deduct that from the principal, and give judgment in favor of the plaintiff for the residue after such deduction, then the whole penalty and forfeiture would accrue to the defendant alone, and the county could get nothing.

It seems clear to me that the legislature, in appropriating these forfeitures in the manner mentioned in the statute, necessarily conferred upon the Court where the issue was made, authority to render such judgment in the premises as would comport with the design and object of the law; and that if a justice of the peace has any jurisdiction over the subject matter of these penalties, he must of necessity have full and complete power to render a judgment according to the respective rights of the parties, in pursuance of the

spirit and intention of the statute. This, it will be admitted, he cannot do, because he has no special authority from the law itsel to give judgment for these penalties.

If it could with propriety be urged that the justice might deduct the amount of the forfeiture from the plaintiff's claim, and give judgment to the plaintiff for the residue, without rendering any judgment in favor of the parties entitled to forfeiture, I would ask, in what respect such proceeding would be different from a judicial determination by the magistrate that the plaintiff had incurred this penalty? And by proceeding to deduct it from the plaintiff's claim, does he not thereby enforce its payment by the party? In case of a suit brought for the recovery of a penalty, its payment is enforced by judgment and execution. In this case, by the judgment merely, without the execution. If such should be the law, the justice could do that indirectly by a judgment alone, which he could not do directly by judgment and execution. Now, the fifth section gives a penalty by suit, when the party has only contracted to receive usury, and the sixth, when it has been paid or received. Would it be contended, that these penalties could be recovered before a justice of the peace? And yet it seems to be the opinion of a majority of the Court, that the same, or those of a precisely similar nature, may be introduced as a set off to, or deduction from a plaintiff's claim. In my judgment, and I say it with all respect to the opinion of the Court, this could no more be permitted than a defendant in such action could be allowed to set off to, or deduct from a plaintiff's demand, in a suit before a justice, forfeitures due to him from the plaintiff for cutting timber on his lands, provided the justice had had no jurisdiction of such penalties. And it might, it seems to me, with equal propriety be said in the last case as in the former, that the magistrate had not given judgment for this penalty, but merely deducted it from the plaintiff's claim. Nor can it be said, that unless the justice has jurisdiction over these penalties that the defendant would be without remedy. He can sue for and recover it in the proper tribunal either before or after it has been paid. And because it might

sometimes operate as a matter of inconvenience merely, in my view, is no reason for extending, by implication, the jurisdiction of a justice over matters involving some of the most intricate questions in the law.    In suits to recover these penalties, the right of action is only given in the Circuit Court; and from the whole tenor of the Act it seems to me that the legislature did not intend that a justice should have jurisdiction over the subject matter; that it was not the design that this weapon should be used by way of defence, when a party could not be permitted to avail himself of it by way of attack. I am strengthened in these positions still further, by the language of the fourth section of the Act before referred to, which only confers authority upon the Court to give these judgments for the penalties, when "it shall appear upon the pleadings and on application of the defendant," &c.    I confess if it were by any means clear, or even probable from the residue of the Act, that the justice had jurisdiction to enforce these penalties, I should consider this provision comparatively of little weight.    But believing as I do, that it confers no such jurisdiction, I think it may with much propriety be said that the inference is fair and legitimate, that the legislature designed that proceedings of this kind should be adjudicated only in Courts where pleading is indispensable.

On the whole I am of opinion, that the Court below decided correctly in refusing to receive evidence of usury as offered to be proved by the defendant below, upon the ground that the justice had no authority to try the question, and consequently, the Circuit Court could have none on the appeal.

SCATES, J., said: I differ with the Court in sanctioning the refusal of the Court below to allow the defence of usury to be set up.    The statute has expressly allowed such defence to be set up against a recovery upon the usurious contract. Parties before justices, and in cases on appeal from their decisions, are by statute allowed to present their pleadings *ore tenus.*    Unless there be rules of Court fixing the time when the grounds of defence shall be disclosed, the defend-

ant, if not required sooner by the Court, may state his defence when the plaintiff has closed his case, and the defendant is ready to begin. If the nature of the defence is calculated to surprise the plaintiff, the Court might still allow him an opportunity to apply for a continuance under the circumstances. But it will surely not obviate an evil of this character, by cutting off the right of making such a defence at all; for that would only shift the hardship from the plaintiff to the defendant. If the law or the rules of Court had prescribed any time for disclosing the grounds of defence, there might be some show of justice in the refusal, but nothing of the kind is shown in the record, or pretended by the defendant here.

The defence, therefore, ought to have been allowed; and if necessary, even after plaintiff had closed his case, he ought to have been allowed a continuance to prepare to meet it, if surprised by the nature of the defence. The statute has not only given a right to Courts to inquire into usury, but that too, by the oath of plaintiff and defendant; and this, I think, in any Court, having jurisdiction to investigate the contract in which it is alleged to have been taken. Surely the legislature never intended such folly and absurdity, as to prohibit usury on any and all contracts, and still allow the usurer to recover it in a Court having cognizance of the contract, but not of the defence.

The jurisdiction of the action determines the jurisdiction of the defence. For the Act declares, whenever it shall appear by the "pleadings in the case, and on application of the defendant" before the Court before which such action shall be tried, the right to set up the defence exists by necessary implication, from a jurisdiction over the usurious contract; and this may well be, although the justice might not take cognizance of the penalty as a distinct cause of action, as in the case of *Bowers* v. *Green.* Entertaining these views, I am compelled to differ with the Court in not allowing the defence to have been made, at the time it was offered; and also with Justice Purple, as to the justice's jurisdiction of such a defence.

*Judgment affirmed.*