JOSEPH M. SANSOUVER *vs.* GLENLYON DYE WORKS.

JANUARY 17, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Jurors. Competency of Juror as Affected by Employment. New Trials.*

The rule is well settled in this State that after verdict a new trial will not be granted because of the disqualification of a juror unless it is clear that the jury was not an impartial one and that in consequence the defeated party has not had a fair trial.

Under the provisions of C. P. A., § 109, it is left to the discretion of the court to determine, upon the evidence, whether or not a juror stands indifferent in the cause; and where the trial court, after hearing testimony, has decided as to the competency of a juror, the decision should stand unless this court is convinced that it was so unsupported by evidence as to be an abuse of sound discretion.

Whether the employment of a juror by a stockholder of a party to a cause would tend to influence his verdict would depend largely on the circumstances of a case; so where the trial court had, after taking testimony, allowed the juror to sit upon the panel, the court, not having the evidence before it, can not say that the decision was erroneous.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff, and overruled.

JOHNSON, J. Trespass on the case for negligence.

The trial in the Superior Court resulted in a verdict for the defendant. The plaintiff moved for a new trial on the grounds that the verdict was against the law and the evidence and the weight thereof; and that one of the jurors empaneled to try said case was at the time of the trial, and for twenty-five years

before had been, an employee of the holder of a large majority of the capital stock of the defendant corporation.    The motion for a new trial was denied.

The case is now before us on the following exception only, all other exceptions having been waived:

" That while the jury were being empaneled to try said cause, and after the plaintiff had exhausted his peremptory challenges, the plaintiff's counsel objected to Philip J. Conley, who had been called as juror therein, sitting upon said cause as a juror on the ground that the said Conley, being examined upon his *voir dire* by order of the court, testified that he had been for the twenty-five years prior to said trial, employed by Frank A. Sayles, whom the plaintiff then and there offered to prove was the owner of a large majority of the capital stock of the defendant corporation, that the court overruled said objection and allowed said juror to sit upon the trial of said cause, to which rule the plaintiff, by his counsel, then and there excepted."

No transcript of the proceedings is before us.

The question raised is whether the action of the trial judge in overruling the plaintiff's challenge to the juror was reversible error.

(1) While stockholders in a corporation which is a party, and also the employees of such corporation, have been held to be disqualified as jurors, no case has come to our notice which extends such disqualification to the employee of a stockholder. He has no legal connection with the party to the suit.    Whether his employment by a stockholder would tend to influence his verdict, in a case where the corporation is a party, would, it seems to us, depend very largely on the circumstances of the case.

By the statute, C. P. A., § 109, the question is left to the discretion of the court to determine upon the evidence whether or not the juror objected to stands indifferent in the cause.

In the present case the trial judge, after hearing testimony on the subject, and the offer of the plaintiff's counsel to produce other testimony, decided that the juror objected to stood indifferent between the parties and was a qualified juror.

This decision should stand unless the Supreme Court is convinced that it was so unsupported by evidence as to be an abuse of sound discretion.

"The competency of a juror is to be determined not from any particular answer, but from his whole examination and all the evidence affecting it, and if there is evidence, although conflicting, sufficient to support the finding of the trial court, an appellate court will not disturb it." 24 Cyc. 347. *Bates* v. *Bulkley*, 7 Ill. 389 at 394; *Hall* v. *Reed*, 17 Ohio, 498; *Johnson* v. *Holliday*, 79 Ind. 151 at 154; *Indianapolis, &c., Ry. Co.* v. *Pitzer*, 109 Ind. 179; *Wiggins* v. *Muscupiabe, &c., Co.*, 113 Cal. 182.

In *Indianapolis &c., Ry., Co.* v. *Pitzer, supra,* the appellant had stated as one ground of exception that the trial judge had erroneously ruled out a question asked of a man called to serve as a juror. To a petition for a rehearing, the court said: "We have no doubt that we were right in holding . . . that the record must contain not the single question and the one answer of the juror, but his whole examination. It may well be that other questions and answers would show that no injury was done the appellant. This must be presumed, for it is as plain a rule of law as there is in all the books, that an appellant must affirmatively show error in the rulings of the trial court, for, until the contrary is shown, all reasonable presumptions are indulged in favor of those rulings."

This court, not having the evidence before it, for the bill of exceptions does not purport to give all the evidence on the subject, can not say that the decision of the trial court was erroneous. For all that appears, there may have been evidence before the trial judge which properly convinced his mind that the juror stood indifferent in the cause.

It is also well settled in this State that after a trial has been held and a verdict rendered, the verdict will not be set aside and a new trial granted because of the disqualification of one or more of the jurors, unless it is clear that the jury was not an impartial one and that in consequence the defeated party has not had a fair trial. This is true even though the defeated party and his counsel knew nothing of the objection to the

juror until after the trial. *State* v. *Congdon*, 14 R. I. 458; *Fiske* v. *Paine*, 18 R. I. 632 at 634; *Sprague* v. *Brown*, 21 R. I. 329.

In *Fiske* v. *Paine*, *supra*, speaking of the authorities there cited, the court (p. 637) says: "It is enough to say, for the reasons already given, that those which hold that the fact of an interest in a juror necessarily works a mistrial we do not agree with; and those where the courts in their discretion have granted a new trial because of an interest of such a kind as to show or to raise a presumption of prejudice on the part of a juror are not controlling in this case, because that kind of an interest does not appear. The bare fact of the alleged interest does not raise the presumption; we have no record of the testimony adduced, and, for aught that appears, the evidence may have been overwhelmingly in favor of the will. At any rate, we have no right to presume that it was not sufficient."

As no exception to the refusal of the court below to grant a new trial on the ground that the verdict was against the evidence or the weight thereof has been prosecuted, we think it may fairly be assumed that the evidence supported the verdict.

The plaintiff's exception is overruled, and the case is remitted to the Superior Court for judgment on the verdict.

*Albert B. Crafts*, for plaintiff.

*Gardner, Pirce & Thornley*, and *Hugh B. Baker*, for defendant.

*William W. Moss*, of counsel.