Richards v. Vanderpoel.

## JAMES W. RICHARDS v. JACOB VANDERPOEL.

One who induces another to part with his property, " through fright and fear of being locked up," obtains no title, and the transaction is void.

Actual imprisonment is not necessary to avoid such a transaction: fear of imprisonment is enough.

Where the arrest was illegal, and the transfer was made through fear of imprisonment, either to settle a civil suit then pending between the parties, or to compromise the alleged felony, the result is the same, and no title passes.

A charge that if the jury believed that the person arrested " *voluntarily* gave to the defendant the watch in question, then their verdict must be for the defendant,"—*Held*, error. The question how far the prisoner was affected by fear should have been submitted to the jury. It was not enough to submit to them whether the transfer was voluntary, as the prisoner might have acted voluntarily, though impelled by fear of imprisonment.

APPEAL by plaintiff from a judgment of the Marine Court at general term.

The principal facts are these: One Kinshimer was the owner of a gold watch which he valued at $175 to $200. He was the agent for the defendant, and had collected rents for him. Kinshimer had failed to hand over a check which he had received for those rents, and the defendant commenced a civil action for the recovery of the debt. On the fifth day of December, 1857, the defendant, on an affidavit before a police magistrate, obtained a warrant for Kinshimer's arrest, for having, as his servant, as alleged in the affidavit, embezzled a check for $350. Kinshimer was arrested on the same day, and while on his way to the Tombs, the defendant asked him "to settle the matter." Kinshimer delivered his watch to the defendant, and was released by the

officer who arrested him. The criminal proceeding was not prosecuted. Kinsheimer testified that he "let the defendant have the watch through fright and fear of being locked up in the Tombs."

Three days after, Kinshimer assigned the watch to the plaintiff in this action, who brought suit to recover its value, alleging that the same had been obtained by the defendant "by force, and duress of imprisonment."

The plaintiff's counsel requested the Court to charge the jury the following propositions severally.

1st. If Mr. Kinshimer was arrested for improper purposes without just cause, and delivered the watch in question to Vanderpoel for his enlargement, the watch, under those facts, was delivered by duress of imprisonment, and the plaintiff may recover its value in this action.

2nd. If Kinshimer was arrested for a just cause and under lawful authority—but his arrest was procured by Vanderpoel for the purpose of obtaining the watch or obtaining a security for a debt, and Kinshimer delivered the watch to Vanderpoel for the purpose of procuring his enlargement—the plaintiff has a right to recover the value of the watch in this action.

3rd. If the arrest of Kinshimer was illegal, and he, through fear, delivered the watch to Vanderpoel for any purpose, those facts constitute duress, and the plaintiff is entitled to recover.

The Court thereupon charged the jury, and the following contains so much thereof as embraces the exceptions taken thereto:

That the arrest of Kinshimer was illegal, that he was not a servant of the defendant, but an agent, and therefore he was not a servant within the words or spirit of the Statute; that the Court was the sole judge of the law, as the jury were of the facts; that the facts were few and simple; and if the jury believed Mr. Kinshimer voluntarily gave to the defendant the watch in question, then their verdict must be for the defendant; but if they find Kinshimer did not voluntarily deliver the watch to the defendant, then their verdict must be for the plaintiff.

The plaintiff excepted to so much thereof as charged the jury,

Richards v. Vanderpoel.

that if Kinshimer voluntarily gave the defendant the watch in question, their verdict must be for the defendant.

The Court refused to charge either of the foregoing requests, and as to each, the plaintiff excepted.

*C. Bainbridge Smith*, for appellant.

*F. Byrne*, for respondent.

BY THE COURT.—BRADY, J.—The plaintiff's assignor, E. B. Kinshimer, was employed by the defendant as his agent, to collect the rent of premises on Madison avenue, in this city. On the fifth of November, 1857, as such agent, he received a check for three hundred and fifty dollars from the defendant's tenant, had it cashed, and used the proceeds in the payment of his own debts. On the fifth of December, 1857, having prior thereto endeavored to obtain payment of the sum named, from Kinshimer, and having commenced an action for the recovery thereof, the defendant also procured a warrant for his arrest on a charge of embezzlement, and upon an affidavit in which the defendant alleged that Kinshimer had acted as his *servant* in collecting rents, and had collected and embezzled the sum named. On the day the warrant was issued, the defendant and an officer named Spicer, proceeded to the vicinity of the residence of Kinshimer, where, about four or five o'clock P. M., he was arrested, almost immediately put into one of the Fourth avenue cars, and taken in that mode toward the Centre street prison, in custody of Spicer, and accompanied by the defendant. While thus in custody, and as he says, through fright and fear of being locked up in the Tombs, he let the defendant have his watch. The testimony is conflicting as to the facts and circumstances attending the delivery of the watch, but it is not disputed that the watch was offered by Kinshimer to the defendant, and accepted by the defendant, while Kinshimer was in custody under the warrant aforesaid, and soon after his arrest. There is also evidence in the case tending to establish that the defendant accepted the watch only in part settlement of the civil claim, without relinquishing, or expressing any intention of abandoning the criminal complaint. And it appears that that complaint after a hearing before the

Richards v. Vanderpoel.

magistrate who granted the warrant, was by him dismissed. The judge in the Court below charged the jury that the arrest was illegal, inasmuch as Kinshimer was the agent, and not the servant, of the defendant, within the meaning or spirit of the statute defining or declaring the crime of embezzlement, but that if they believed that Kinshimer voluntarily gave the watch to the defendant, the defendant was entitled to a verdict; if they believed he did not voluntarily deliver it to the defendant, then their verdict must be for the plaintiff. To the charge there was but one exception which was taken by the plaintiff, and to that part of it in which the jury were instructed, that if the watch was voluntarily given, the verdict must be for the defendant. The plaintiff's counsel, however, made three requests of the Court to charge as follows:

1. If Mr. Kinshimer was arrested for improper purposes without just cause, and delivered his watch in question to the defendant for his enlargement, the watch under those facts was delivered by duress of imprisonment, and the plaintiff may recover its value in this action.

2. If Kinshimer was arrested for just cause and under lawful authority—but his arrest was procured by the defendant for the purpose of obtaining the watch, or obtaining from him security for a debt, and Kinshimer delivered the watch to the defendant for the purpose of procuring his enlargement—the plaintiff has a right to recover the value of the watch in this action.

3. If the arrest of Kinshimer was illegal, and he, through fear, delivered the watch to the defendant for any purpose, these facts constitute duress, and the plaintiff is entitled to recover.

The Court refused to charge either of these requests, and as to which the plaintiff excepted. The jury found for the defendant. It is held by BULLER (*Nisi Prius*, 172), that if duress be pleaded the deed is admitted, and the issue lies upon the defendant, and that it is sufficient if it appear that the arrest, though *for a good debt*, was without good authority. And in *Richardson v. Duncan*, (3 N. Hamp. 508), it was held that an arrest for a just cause, and under lawful authority, if it be made for *unlawful purposes*, may be constituted as a

duress so as to
deliverance.
386.) The sau
C. J., in *Walk*
*Foshay* v. *F*
reported in 2
lips was arre
before a magi
was his fathe
of the moneys
plaintiff's att
consider ther
forego the pr
Sparks did n
bond would
Lord ABINGE
saying when
sidered as
Phillips, did
tion was, wh
the plaintiff
cution again
and expects
the jury ou
said by Ju
we are now
ful, and the
such means
be differen
ject, inasn
basis of th
ness to th
a civil act
puted cla
the same
made to p
then I ha
to, the wi
by its de
imprison

Richards v. Vanderpoel.

duress so as to avoid a contract which the party made for his deliverance. (See also *Severance* v. *Kimball*, 8 N. Hamp. 386.) The same general doctrine is also declared by PARSONS, C. J., in *Walkins* v. *Baird* (6 Mass. 511), and is approved in *Foshay* v. *Ferguson* (5 Hill, 157). In *Cost* v. *Phillips*, reported in 2 Leg. Obs. 302 (a case in the Exchequer), Phillips was arrested for embezzlement, and, having been taken before a magistrate, he executed jointly with one Sparks, who was his father-in-law, a bond to the plaintiffs for the amount of the moneys embezzled. Mr. Lawston, who acted as the plaintiff's attorney, told the defendants that they were not to consider there was any agreement that the plaintiffs should forego the prosecution against Phillips, but he could say that Sparks did not understand that the consequence of giving the bond would be that the prosecution should be relinquished. Lord ABINGER said to the jury that the plaintiff's attorney saying when the bond was executed, that it was not to be considered as an agreement not to press the charge against Phillips, did not alter the nature of the transaction. The question was, what the parties intended. If the jury believed that the plaintiff meant, upon getting the bond, to forego the prosecution against Phillips, and that Sparks signed under that belief and expectation, the consideration of the bond was illegal, and the jury ought to find a verdict for the defendants. But, as said by Judge BRONSON (in *Foshay* v. *Ferguson*), in the view we are now taking of the case, the imprisonment was unlawful, and there never was a doubt that a contract obtained by such means might be avoided. This case would seem, also, to be different from the cases generally which relate to this subject, inasmuch as though no felony in fact was committed, the basis of the charge against Kinshimer was an actual indebtedness to the defendant, for which the defendant had commenced a civil action. To the extent of there being a bona fide, undisputed claim, the case of *Cost* v. *Phillips* (*supra*), seems to be the same as the case in hand. If the arrest in this case was made to procure a settlement of the claim against Kinshimer, then I have no doubt that on the principle of the cases referred to, the watch was improperly obtained, and no title to it passed by its delivery to the defendant. Lord COKE says that fear of imprisonment is enough, and as illustrated by BRONSON, J., in

Richards v. Vanderpoel.

*Foshay.* v. *Ferguson* (*supra*), the rule has been so understood since the time of COKE. If the imprisonment apprehended had been that which would have followed arrest on civil process, it might be said, in the absence of violence, that the settlement contemplated was just, and should not be disturbed. The creditor would then be exercising a right given by the law of the land, but such is not the case here. The imprisonment feared was one following an arrest upon process which was not issued to enforce the payment of the claim, but to punish for an offence not committed, and on a charge which could not be sustained. The fears excited were those induced by this process, thus unlawfully obtained, and all the circumstances disclosed by the evidence rendered it the right of the plaintiff, in my opinion, to have the third request complied with.

If the arrest of Kinshimer was illegal, and he, through fear of imprisonment, gave his watch to the defendant, either to compromise the alleged felony, or to settle the civil suit, the result is the same. No title passed, and the plaintiff was entitled to recover. The question how far Kinshimer was affected by fear should have been submitted to the jury. It was not enough to submit to them whether Kinshimer voluntarily gave the watch to the defendant. He might have voluntarily done so, impelled by fear of imprisonment. The defendant's position was a false one. Kinshimer was in his power by process improperly obtained, and he could not avail himself of that position, or anything resulting from it. It was a mistake of the defendant's, doubtless, but everything derived or resulting from it while Kinshimer was under that influence, should not be permitted to continue. Whether he was under that influence should have been submitted to the jury. For these reasons the judgment should be reversed.