HenRY G. Smith, J.,
delivered the opinion of the Court.
This is replevin for a horse, by Belote, against Henderson.
Greer’s horse was stolen, and he supposed that Belote was concerned in the theft or taking, and the record discloses facts, giving some color to Greer’s suspicions.
Accompanied by five or six men, armed with pistols and sabers, Greer goes to Belote’s house, capturing on the way, and taking along, three men named Shafner, whom he seems to have thought were associated with Belote in the theft of the horse.
Binding Belote at home, Greer demands payment or settlement for the horse, and threatens, that if Belote does not pay or settle, he will arrest him and carry *473 bfm to the military bead-quarters, or to Paducab. Be-lote proposes to give bis note, which, Greer declines, and asks Belote if be has not a horse. Belote says be has, and after some hesitation by Belote, be and Greer go off together a short distance, and soon return with Belote’s horse, and Greer gives Belote a receipt, or order, or writing of some kind, relating to the matter, and takes off the horse.
Some time afterwards, Belote learns that Henderson has the horse, to whom it appears that Greer had swapped him. And this is the animal about which is the present litigation, and for the recovery of which Belote sued out the replevin against Henderson.
The cause was submitted under charge of the Court, to a jury of Carroll County, who found a verdict against Belote.
The proper result of this cause turned on the question, whether the title to the horse passed from Be-lote to Greer, or whether the transfer was violated by duress upon Belote, and was, therefore, void.
The error in the record, is in the instructions of the Court to the jury. These instructions are, in substance, that if Belote converted, or aided in the conversion of Greer’s horse, he was liable to Greer for the value of the horse; and in that ease, the transfer of the Belote horse to Greer was valid, and vested in Greer the title, although the transfer was obtained from Belote by duress upon him, in the way of threats to arrest and imprison and carry him to the military head-quarters. On the other hand, if Belote was not liable to Greer for the conversion of his horse, in that case the transfer *474 obtained by duress was void, and vested no title in Greer.
Briefly stated, the doctrine of the instructions is, that a contract of sale made under duress, vests the title to the property in the purchaser, if a sufficient consideration is received by the forced vendor.
Such is not the law of the land. It can make no difference, whether there be a consideration or none. A contract of sale obtained by duress, is void as against the party on whom the duress is committed, consideration or no consideration. ■ Such contract or sale, lacks the assent on the part of the forced vendor, essential to the binding efficacy of the contract as against him.
Duress of the person may be actual violence upon the person, or threats of personal violence, or actual arrest or imprisonment without lawful authority, or threats of unlawful arrest or imprisonment. A contract of sale made by the forced vendor, while held under such unlawful arrest or imprisonment, is void as against him. And so, too, is such contract void, if made by the alleged vendor, through well-grounded fears of grievous personal violence threatened, or of arrest and imprisonment without lawful authority, threatened at the time by the ven-dee. Threats to arrest the person and carry him to the military head-quarters, or Paducah, if he do not make the settlement required, are sufficient to constitute duress, and avoid the contract of sale, if such contract was made by or procured from the supposed vendor, under well-grounded fears that the threats would be exe'cuted, and if the arrest threatened was without lawful authority. Especially is this so, when actual war is raging in the *475 country, and when tbe courts and officers of law are in abeyance or powerless, and when tbe safeguards of tbe law furnish no protection or vindication against violence and wrong; and when, therefore, men’s fears actually are, and properly may be, well-grounded, as regards threats of violence or arrest, which in times of peace and prevalence of law would scarcely be regarded as sufficient to excite the degree of fear essential to constitute duress.
The presence of war in the country, and the absence of the regular officers of the law, do not confer upon a person supposing that a thefc or conversion of his property has been committed, the lawful authority to arrest, or threaten to arrest and carry to military headquarters, the supposed or actual wrong-doer, and by means of such arrest or threats, to so operate on his fears as to compel him to give up his property to save himself from such arrest, or from the execution of such threats. And if the party injured by the theft or conversion, does, under such circumstances and by such means, compel or induce the wrong-doer to make a sale of his property to save himself from such arrest, or the execution of such threats, he may, upon the restoration of the power of the law, recover the property so given up, from whomsoever he may find in possession of it.
A purchaser from the vendee of such forced sale, stands in no better condition as to the title of the property, than does the vendor. Assent is essential to a contract of sale, to pass the title. Assent procured by duress, is not such assent as will carry the title to the pretended vendee. Henderson, the defendant here, *476 stands, therefore, in no better condition as to the title against Belote, than does Greer.
While, however, the vendor by duress may treat the sale as void, he may, afterwards, so ratify it as to give it confirmation and validity, and exclude himself from the right to treat it as void: 1 Pars. Contracts, 395; 1 Sto. Contracts, sec. 404.
The authorities on which rest the principles stated in this opinion, may be found in 1 Pars. Contr., Title, Duress, Book 1, ch. 22, sec. 4; and in Story on Contracts, same title, chap. 16, secs. 393-406. See, also, Foshay vs. Fergason, 5 Hill, 154; Richards vs. Vanderpool, 1 Daly, 71; 6 Mass., 511; Hilliard on Torts, 109.