64    557
124    479
64    557
134    685

SWALES, TRUSTEE, BY GAYNOR, SUPERVISOR, *v.* SOUTHARD.

SUPREME COURT.—*Weight of Evidence.*—Where there is any legal evidence tending to support each material fact necessary to authorize the finding or verdict rendered in a cause, the Supreme Court will not disturb it, though, in the judgment of that court, the preponderance of the evidence is against it.

From the Dearborn Circuit Court.

*W. H. Bainbridge* and *H. D. McMullen*, for appellant.
*N. S. Givan* and *W. H. Matthews*, for appellee.

Howk, C. J.—This was a suit before a justice of the peace, by the supervisor of a certain road district, in the name of the trustee of his township, against the appellee, as defendant, for obstructing a certain public highway, to recover a certain penalty provided therefor, in section 24 of "An act providing for the election or appointment of supervisors of highways," etc., approved March 5th, 1859. 1 R. S. 1876, p. 860.

The complaint charged the obstruction of the highway by the appellee, by his building and maintaining a rail fence thereon, for the distance of about fifty-five rods, in the centre of said highway.

The trial before the justice resulted in a verdict and judgment against the appellee, from which he appealed to the circuit court.

In this latter court, the cause was tried by a jury, and a verdict was returned for the appellee. The appellant's motion for a new trial having been overruled by the court, and his exception entered to this ruling, judgment was rendered for the appellee, upon and in accordance with the verdict.

The only error assigned here by the appellant is the decision of the court below, in overruling his motion for a new trial. The causes assigned for such new trial, in the motion therefor, were, that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to law.

It will be observed, that, by the record of this cause, and the error assigned thereon, only one question is presented for our decision, and that is, whether or not the verdict of the jury, in this case, is sustained by any sufficient legal evidence. Of course, it is not our province to weigh the evidence, or to attempt to settle this controvery by what we might regard as the preponderance of the evidence in the record. The rule for the determination of a cause in

this court, where it appears, as in this case, that it has been probably decided, in the court below, on the mere weight of the evidence, is this : If the record contains any legal evidence tending to sustain each and every fact necessary to constitute a cause of action or cause of defence, this court will not disturb the finding or verdict in the case, upon what we might regard as the preponderance of the evidence. This rule, and the reasons for it, have been so often and so fully stated, in the numerous decisions of this court, in which the weight of evidence was the only question for decision, that we deem it unnecessary to cite authorities in support of such rule. See, however, *Cox* v. *The State*, 49 Ind. 568, the Indiana Reports, *passim*, and Buskirk's Practice, 237, *et seq.*

From our examination of the evidence in the record, in the case at bar, it seems clear to us, that there was legal evidence, introduced on the trial, tending, and sufficient, to sustain the verdict of the jury. Certainly, this is all that is requisite or necessary, on an appeal to this court, when the only question for decision is the sufficiency of the evidence to sustain the verdict. In such a case we can not, under the settled and long established rules of practice obtaining in this court, disturb the verdict of the jury.

We can not say that the court erred, and therefore we are bound to say that the court did not err, in overruling the appellant's motion for a new trial; for all the presumptions are in favor of the correctness of the court's decision in this regard. *Myers* v. *Murphy*, 60 Ind. 282.

The judgment is affirmed, at the appellant's costs.