HUGHES ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Verdict.—Assault and Battery with Intent to Murder.*— On the trial of A., B., C., D., E. and F., jointly indicted for assault and battery with intent to murder, the jury returned a verdict as follows, viz.: "We, the jury, find the defendants guilty as charged in the indictment, as follows:" A. "be confined in the state-prison eight years;" B. "seven years;" C. "four years;" D. "three years;" E. "two years;" F. "two years; and that each be fined one dollar."
*Held*, that the verdict was sufficiently certain.

SAME.—*Instruction.—Natural Consequences of Act.*—It was proper for the court to instruct the jury in such case, that, if the means used in committing the assault and battery upon the prosecuting witness were such as "would ordinarily and probably have produced death," they might find the defendants guilty of the alleged intent.

SAME.—*Evidence.—Name.*—The rule of evidence as to the names of defendants is not the same as it is as to the names of third persons, mentioned in an indictment.

SAME.—*Instruction.*—*New Trial.*—*Record.*—An instruction alleged to have been erroneously given, does not become part of the record on appeal to the Supreme Court, merely by being copied into the motion for a new trial.

From the Montgomery Circuit Court.

*J. R. Courtney,* for appellants.

*T. W. Woollen,* Attorney General, for the State.

PERKINS, J.—An indictment, as follows, was duly returned into the Montgomery Circuit Court:

The grand jurors of Montgomery County, in the State of Indiana, good and lawful men, duly and legally empanelled, sworn and charged in the Montgomery Circuit Court of said State, at the November term, for the year 1878, to inquire into felonies and certain misdemeanors, in and for the body of said county of Montgomery, in the name and by the authority of the State of Indiana, on their oaths do present, that one Robert J. Hughes, John Spray, Frank Armantrout, James Morgan, William Baldwin, John E. Shepherd, Joseph Farley and Samuel Stump, late of said county, on the 5th day of December, A. D. 1878, at the said county and State, did then and there, in a rude, insolent and angry manner, unlawfully touch, strike, cut, beat, bruise and wound one Archelaus Bailey, with the intent then and there and thereby, him, the said Archelaus Bailey, unlawfully, feloniously, purposely, wilfully and with premeditated malice, to kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

"GEORGE W. COLLINGS, Pros. Att'y."

A motion to quash, for the reason that said indictment did not charge any "offence against the statute law of said State," was overruled, and the defendants excepted.

Thereupon said defendants, except William Baldwin, being arraigned upon said indictment, each for himself, for plea thereto, says he is not guilty as charged therein.

A jury was empanelled, the issue was tried, and a verdict as follows returned:

"We, the jury, find the defendants guilty as charged in the indictment, as follows: Robert J. Hughes be confined in the state-prison eight years; John Spray, seven years; Frank Armantrout, four years; John E. Shepherd, three years; Joseph Farley, two years; Samuel Stump, two years; and that each be fined one dollar.

"ROBERT T. BECK, Foreman."

The defendants moved for a new trial, for the following reasons:

1. The verdict is contrary to law;
2. It is unsustained by the evidence; and,
3. For error of law occurring at the trial, in this, to wit, the court instructed the jury thus:

" A person is presumed to intend the necessary and probable consequences of his own act; and, if you believe, from the evidence, that the means used in the commission of the assault and battery upon the prosecuting witness, Bailey, would ordinarily and probably have produced death, then you would be justified in finding that the defendants intended to kill Bailey, in and by the committing of the assault and battery, with such means and instruments."

The motion was overruled.

A motion in arrest was also overruled, and exception noted, and judgment and sentence rendered, severally, upon the defendants, in accordance with the verdict.

It is assigned for error:

1. That the court overruled the motion to quash the indictment; and,
2. That the court overruled the motion for a new trial.

Counsel for the appellants declined to argue the sufficiency of the indictment, conceding that he discovers no

defect in it, but proceeds to assail the verdict as insufficient in form and in certainty.

"A verdict, though informal, is g od if the court can understand it; but, if it be too uncertain to be underst od, it must be corrected." Bicknell Crim. Prac., p. 206. *Jones* v. *Julian*, 12 Ind. 274; *O'Herrin* v. *The State*, 14 Ind. 420; *Moon* v. *The State*, 3 Ind. 438; *Evans* v. *The State*, 7 Ind. 271.

Tested by the above rule, the verdict in the case at bar was good. It finds the defendants guilty as charged in the indictment, and affixes the punishment. These were the two matters necessary to a complete verdict against the defendants.

Counsel for appellants next urges that the verdict is not sustained by the evidence. We think it is. It is insisted that the evidence does not establish that the persons convicted bore the names given them in the indictment. The evidence is sufficient on this point. The rule as to names is not the same as to defendants as it is as to third persons named in an indictment.

The instruction, copied into the motion for a new trial, is objected to by the counsel in his brief. We have no evidence that it was ever given to the jury. It is not made a part of the record in any mode known to the law. Copying it into the motion for a new trial did not make it a part of the record, and the court may have overruled that motion because the statement in it, that that instruction was given and excepted to, was not true. *The Indianapolis, etc., Mfg. Co.* v. *The First National Bank, etc.*, 33 Ind. 302. See Bicknell Crim. Prac., p. 192, on the subject of exceptions, and bills of exceptions, in criminal cases.

But we see no objection to the instruction.

The judgment is affirmed, with costs.