## LANE v. CLODFELTER ET AL.

SUPREME COURT.— *Weight of Evidence.—Practice.*—The Supreme Court will not disturb a finding, upon the mere weight of the evidence.

From the Boone Circuit Court.

*J. W. Clements* and *T. J. Terhune*, for appellant.

*C. C. Galvin* and *C. S. Wesner*, for appellees.

HOWK, J.—This was a suit by the appellant, against the appellees, commenced before a justice of the peace of Boone county, and afterward taken by appeal to the court below.

The appellant's complaint counted upon a promissory note alleged to have been executed by the appellees Washington Clodfelter and Jacob Harmon, to the order of James T. Dodson, and to have been assigned by said Dodson to the appellant, by delivery thereof. Dodson was made a defendant to the action, to answer as to the alleged assignment thereof, but made default.

In the circuit court, the appellee Harmon filed his separate answer, duly verified, denying his execution of the note in suit, and averring that it was not his act and deed. The cause was tried by the court, and a finding was made for the appellant, against the defendant Clodfelter, in the full amount of the note, and in favor of the appellee Jacob Harmon, and judgment was rendered accordingly.

The appellant's motion for a new trial was overruled by the court, and to this decision he excepted, and filed his bill of exceptions.

In this court, the only error assigned by the appellant is the decision of the court below in overruling his motion for a new trial; and in this motion the only causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law.

Manifestly, therefore, as it seems to us, the only question for our decision in this case is merely a question as to the weight of the evidence. If this were a question which we could properly decide by simply reading the evidence as it appears in the record, we would incline strongly to the opinion that the finding of the court was not sustained by sufficient evidence. The question for trial and decision, in the circuit court, was purely a question of fact, as to whether or not the appellee Jacob Harmon had or had not executed, or authorized the execution of, the note in suit. From the mere reading of the evidence, without any knowledge of the several witnesses and without having seen or heard them testify, if we were authorized to weigh the evidence in such a case, it would seem to us that the weight of the evidence tended to show that the appellee Harmon did execute the note in suit. A number of witnesses testified on behalf of the appellant, that the signature of the name of Jacob Harmon to the note was in his handwriting; while he alone, in his behalf, testified pointedly that he did not sign the note, nor authorize any one else to sign the same for him, and that the signature of his name thereto was not in his handwriting. The court, who saw and heard him testify, evidently believed his testimony, in preference to that of the witnesses who testified to the contrary. This the court clearly had the right to do; and, having done so, this court can not disturb the finding, upon the weight of the evidence. *Cox* v. *The State*, 49 Ind. 568; *Rudolph* v. *Lane*, 57 Ind. 115; *The Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; and *Swales* v. *Southard*, 64 Ind. 557.

The judgment is affirmed, at the appellant's costs.