## BURNETT v. OVERTON.

EVIDENCE.—*Action by Widow, for Property Burned.*—*Decedents' Estates.*— In an action to recover for the value of a dwelling-house and certain personal property contained therein, alleged to have been set on fire and burned by the defendant, wherein the plaintiff testified that " some of the things came to " her from her husband, an intestate whose estate had not been administered upon, the defendant offered to prove, by the clerk of the court, that the estate of the intestate was worth less than five hundred dollars, and had never been set off to the plaintiff.

*Held*, that, in the absence of any evidence, or offer to prove, that some part of the burned property belonged to the estate of the decedent, the evidence offered was immaterial.

SUPREME COURT.—*Record.*—*Instructions.*—*New Trial.*—*Bill of Exceptions.*

—An instruction given or refused, copied into the motion for a new trial, forms no part of the record in the Supreme Court, if not otherwise properly set out therein.

From the Posey Circuit Court.

*E. M. Spencer*, *M. W. Pearse* and *H. C. Pitcher*, for appellant.

*A. P. Hovey* and *G. V. Menzies*, for appellee.

NIBLACK, J.—Action by Elizabeth A. Overton, against Christopher C. Burnett and Charles Billingsly, for burning a dwelling-house in the town of Mt. Vernon, in which the plaintiff had an interest, and thereby consuming numerous articles of personal property alleged to belong to her.

Answer in general denial ; trial by jury ; verdict in favor of Billingsly, but against Burnett, for one thousand dollars in damages ; motion for new trial overruled, and judgment for the plaintiff, against Burnett, on the verdict.

The only error assigned is upon the overruling of the appellant's, Burnett's, motion for a new trial.

The plaintiff, being the widow of one Benjamin Overton, who died July 14th, 1876, testified as a witness in her own behalf. As to the property burned, she said :

"I owned one-third of house and lot; all my personal property was burned, except a few things of little or no value; the statement of property, a bill of particulars filed with the declaration or complaint, and its value, here shown to me, is correct. * * * * Some of the things came to me from my husband ; there never was any administration upon my husband's estate ; I had been keeping boarders about two years."

This was all the evidence given as to the ownership of the personal property.

After the plaintiff had concluded her testimony, the defendants produced George W. Curtis, who was sworn and testified that he had been clerk of the Posey Circuit Court for three years. The defendants, for the purpose of show-

ing that the plaintiff had no title to the personal property sued for, and hence no right to recover therefor, then offered to prove by the said Curtis, that Benjamin Overton, the late husband of the plaintiff, died intestate, worth less than five hundred dollars, and that no letters of administration had been issued upon his estate, and that no proceedings had ever been taken to set off to the plaintiff his property, under the five-hundred-dollar law.

The plaintiff objected to the introduction of the proffered testimony, and the court sustained her objection. The exclusion of that testimony constitutes the only question made upon the evidence in this court.

When the defendants offered to make the proof above stated, it had not been shown by the evidence upon either side, that any of the personal property sued for came to the plaintiff as the widow of Benjamin Overton, or that any of such personal property had ever constituted any part of his estate after his death. Nor was the proposed proof accompanied with any offer to show that any portion of the personal estate embraced within the complaint had belonged to Benjamin Overton at the time of his death. The plaintiff had only testified that some of the things had come to her from her husband, but nothing was said by her as to when or how any of the property had come from her husband. Under such circumstances, the proposed testimony of the witness, Curtis, would have been irrelevant and immaterial, and we see no error in the refusal of the court to admit such testimony.

The appellant also complains, that two instructions given by the court were erroneously given, and that an instruction asked by the defendants was erroneously refused.

These instructions are copied into and made a part of the motion for a new trial, but are nowhere else copied into the transcript. The copying of these instructions

into the motion for a new trial was the act of the attorney and not of the court.

Like other facts assigned as causes for a new trial, these supposed instructions needed verification by a bill of exceptions or by some other paper or papers properly made a part of the record and duly certified to us as such.

The instructions, to which the appellant has invited our attention, are, therefore, in legal contemplation, not in the record, and no question arises upon them in this court.

We see no cause for a reversal of the judgment.

The judgment is affirmed, with costs and five per cent. damages.