## BARCLAY ET AL. *v.* MIERS.

BURDEN OF PROOF —*Principal and Surety* —*Extension of Time of Promissory Note.*—In an action on a promissory note, against the makers, a principal and his surety, wherein the latter answers an agreement between the

Barclay *et al. v.* Miers.

plaintiff and principal for an extension of the time of payment, the reply of denial places the burden of proof on the surety.

SUPREME COURT.— *Weight of Evidence.*—The Supreme Court will not disturb a finding or verdict on the mere weight of the evidence.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing,* for appellants.

*J. L. Bracken* and *O. B. Scobey,* for appellee.

HOWK, J.—This was a suit by the appellee, against the appellants, upon their joint note for two hundred and fifty dollars, dated April 19th, 1875, and payable twelve months after date to the order of the appellee, with interest at ten per cent. per annum from maturity till paid, and with a stipulation therein, that, if it be collected by law, the judgment should include the reasonable fee of plaintiff's attorney. In his complaint, the appellee alleged that the note and interest thereon, from October 25th, 1877, remained due and wholly unpaid, and that a reasonable attorney's fee, for collecting the same, was fifteen dollars.

To this complaint the appellants Elijah D. Barclay and Patrick Ewing jointly answered, in substance, that they and their coappellant, Hiram Alley, were the sureties of their codefendant, Columbus Selby, who was the principal in the note in suit, as the appellee knew; that, without their knowledge and consent, the appellee and said Selby agreed that if the said Selby would furnish lumber, of the value of thirty-seven dollars, for the appellee, to be applied to the payment of the interest on said note, the appellee would extend the time of the payment of the note until such time as the interest thereon would be equal to said sum of thirty-seven dollars; that, on the 23d day of August, 1876, the said Selby furnished thirty-seven dollars' worth of lumber, which the appellee accepted according to said contract, which sum paid the interest on said note past due, and in advance until the 25th day of October, 1877. Wherefore they asked to be discharged, with their costs.

The appellant Hiram Alley separately answered to the same effect, in substance, as his coappellants Barclay and Ewing. To each of these answers, the appellee replied by a general denial. The issues joined were tried by the court, and a finding was made for the appellee, assessing his damages in the sum of two hundred and fifty-eight dollars and fifty cents. The appellants' joint motion for a new trial having been overruled, and their exception duly entered to this ruling, judgment was rendered by the court upon its finding, from which judgment this appeal is now here prosecuted.

The only error assigned by the appellants, in this court, is the decision of the circuit court in overruling their motion for a new trial; and in this motion the only causes assigned for such new trial were, that the finding of the court was contrary to law, and that it was not sustained by sufficient evidence. It will be seen, therefore, that the only question in the case for the decision of this court may be thus stated: Is there any legal evidence, in the record, which tends to sustain the finding of the court? If there is such evidence to be found in the record, then the judgment below must be affirmed.

The gist of the appellants' defence, in this case, is the alleged agreement between the appellee and Selby, the principal in the note in suit, made without the knowledge and consent of the appellants, in consideration of interest paid in advance, for an extension of the time of the payment of the note for a definite period of time, namely, the time for which the interest was paid in advance. In his reply, the appellee denied that such an agreement had been made; and the burthen of this issue was on the appellants. We think that the evidence utterly failed to show the making or existence of any such agreement, express or implied; nor did it show, as we read it, the payment in advance of any interest on the note in suit. Each of the

appellants was a witness on the trial, and his evidence is in the record; and it seems singular that it does not appear from their evidence, or that of any other witness, that the supposed agreement between the appellee and Selby, for an extension of the time of the payment of the note, was not made with their knowledge and consent.

The note in suit, when given in evidence, made a *prima facie* case for the appellee; and it seems to us that the appellants, by the evidence introduced in their behalf, failed to overcome such *prima facie* case, or to sustain their special defences. At all events, we can not disturb the finding of the court on the weight of the evidence. *Swales* v. *Southard,* 64 Ind. 557.

The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellants' costs.