Bates v. The State.

No. 9147.

BATES v. THE STATE.

PRACTICE.—*Instructions.*—*Bill of Exceptions.*—*Supreme Court.*—*Motion for New Trial.*—An instruction is not made a part of the record, on appeal to the Supreme Court, by being merely copied into the motion for a new trial.

From the Gibson Circuit Court.

*R. M. J. Miller*, for appellant.

*D. P. Baldwin*, Attorney General, *W. H. Trippet* and *W. W. Thornton*, for the State.

NIBLACK, C. J.—David Bates, the appellant, was prosecuted, upon affidavit and information, in the court below, for unlawfully drawing a pistol upon, and threatening to shoot, one John L. Lehman, and, upon the return of a verdict finding him guilty, and assessing his fine at one hundred and twenty-five dollars, a judgment of conviction was rendered against him. At the proper time the appellant moved the court, but unsuccessfully, for a new trial, assigning the giving of an instruction to the jury, as one of the causes in support of his motion.

The instruction thus complained of, and alleged to have been given, was set out in, and made a part of, the motion for a new trial, but nowhere else appears in the record. The error alleged to have been committed by the giving of that instruction is the only question discussed by the appellant in this court, and hence constitutes all that is relied upon for a reversal of the judgment below.

Counsel for the State make the point that the instruction, charged to have been erroneously given, is not properly before us, as it was not made a part of the bill of exceptions, or in any other way brought into the record by the proceedings below. It may now be regarded as a well settled rule of judicial proceeding in this State, that an instruction is not made a part of the record, on an appeal to this court, by

being merely copied into the motion for a new trial. Other and different proceedings are necessary to bring an instruction into the record. *Hughes* v. *The State*, 65 Ind. 39; *Burnett* v. *Overton*, 67 Ind. 557; 2 R. S. 1876, p. 168, Sec. 325; 177, Sec. 346; 242, Sec. 559.

Therefore, as claimed by counsel for the State, the supposed instruction to which the appellant objects is not properly before us as a part of the record, and no question is presented upon which a decision, by this court, can be required.

The judgment is affirmed, with costs.