No. 9507.

## McDonald v. The State.

PRACTICE.—*New Trial.*—*Record.*—Matters assigned as causes for a new trial, and set out in the motion therefor, can not be taken as true statements, if they appear nowhere else in the record.

SAME.—*Bill of Exceptions.*—*Special Instructions.*—*Oral Instructions.*—Alleged erroneous action of the trial court in refusing to instruct the jury specially as asked, and in modifying the several instructions asked without putting the modifications in writing, and in instructing the jury orally, must be shown in the record either by a bill of exceptions or in some other manner authorized by law.

From the Marion Criminal Circuit Court.

*W. N. Harding* and *A. R. Hovey*, for appellant.

*D. P. Baldwin*, Attorney General, and *J. B. Elam*, Prosecuting Attorney, for the State.

HOWK, C. J.—The indictment in this case charged the appellant, Hugh McDonald, and one George Wallace, with the crime of grand larceny. Upon arraignment, the appellant entered a plea of "not guilty," as charged in the indictment, and was separately tried by a jury, and a verdict was returned finding him guilty as charged, and assessing his punishment at a fine of one dollar and imprisonment in the State's prison for the term of two years, and disfranchisement, etc., for the same period. His motion for a new trial having been overruled, and his exception saved to this ruling, the court rendered judgment against him, in accordance with the verdict.

The only error complained of by the appellant, in this court, is the decision of the trial court in overruling his motion for a new trial. In discussing this supposed error, the appellant's counsel have confined their argument to the alleged erroneous action of the court in refusing to instruct the jury specially as asked, and in modifying the several instructions asked without putting the modifications in writing, and in instructing the jury orally. These matters are all assigned as causes for a new trial, in the appellant's motion therefor, but they appear nowhere else in the record. The special instructions asked by the appellant appear to have been set out in the motion for a new trial, and it is stated in said motion that the court refused to give these instructions as asked, and did not put in writing either its modifications of those instructions or its own instructions. But these statements in the motion for a new trial can not be taken as true, and their truth was not shown either by a bill of exceptions or in any other manner authorized by law.

Buskirk's Practice, p. 254, and cases there cited, and *Burnett* v. *Overton*, 67 Ind. 557. It follows, therefore, that the questions discussed by the appellant's counsel are not presented for our decision by the record of this cause. *Bates* v. *The State*, 72 Ind. 434.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.

Petition for a rehearing overruled.