No. 8668.

ADAMS v. STRINGER ET AL.

DURESS.—*Threats.*—Mere angry or profane words, or strong and earnest language, will not constitute such duress as will relieve a party from his contract; for duress by threats, which will avoid a contract, only exists where such threats excite, or may reasonably excite, a fear of some grievous wrong, as bodily injury or unlawful imprisonment.

SAME.—*Fraudulent Representations.*—*Instruction.*—Where a representation, charged to be false and fraudulent, was, that the plaintiff was indebted

Adams *v.* Stringer *et al.*

to the defendant in a certain sum, and there was evidence tending to prove that the plaintiff was in fact so indebted, the court properly instructed the jury, that, if they believed such facts to exist, their finding must be for the defendant, upon the question of fraud.

PRACTICE.—*New Trial.*— *Weight of Evidence.*—The Supreme Court will not reverse a judgment upon the evidence, if it fairly tends to sustain the verdict or finding on every material point.

SAME.—*Motion for New Trial.*—*Instruction.*—The instructions asked for, and refused by the court, can not be made a part of the record of a cause, by merely copying them in the motion for a new trial.

SAME.—*Instruction.*—*Supreme Court.*—Where an instruction is given, which states the law correctly as far as it goes, and the only objection to it is, that it does not contain a full statement of the law applicable to the case, the objecting party can not make such objection available in the Supreme Court, by excepting to the instruction given; but, in such case, he must ask the trial court for an additional instruction, to supply the supposed omissions in the one given, and, if such additional instruction is refused, he must see that it, as well as the one given, is made part of the record in one of the modes prescribed by law.

From the Marion Superior Court.

*J. W. Gordon, R. N. Lamb, S. M. Shepard* and *C. F. Robbins,* for appellant.

*P. W. Bartholomew,* for appellees.

HOWK, J.—This was a suit by the appellant, David M. Adams, against the appellees, Elza T. Stringer, J. F. Burkett, and Calvin F. Darnell, recorder of Marion county, Indiana, as defendants.    In his complaint, the appellant alleged, in substance, that on December 11th, 1878, the said Elza T. Stringer met him, the appellant, in the town of Findley, Ohio, and then and there represented and pretended that, in the year 1865, 1866, 1867 or 1868, while he, the said Stringer, was engaged in business in the town of Ashland, Ohio, he had sold to the appellant a certain lot of dried apples, amounting to $376, and consigned the same, for the appellant, to Day, Allen & Co., then doing business in Chicago, Illinois, and that the appellant had never paid the said indebtedness, or any part thereof; that the said Stringer, on said December 11th, 1878, at said town of Findley, by force, fraud and duress, by then and there threatening to cause the appellant to be arrested and impris-

oned for obtaining goods under false pretences, compelled the
appellant to make and sign his certain promissory notes,
amounting in all to the sum of $646 (here follows the descrip-
tion of four notes); that, to secure said notes, the appellant
then and there also executed and delivered, by reason of said
threats and under said duress, to said Stringer, his certain chat-
tel mortgage, by which he mortgaged to said Stringer the one-
third interest in the machinery and fixtures of "The Adams
Packing Company," located in the rooms Nos. 76 and 78, on
East Maryland street, in the city of Indianapolis, in said Ma-
rion county.   Appellant charged that he had no knowledge of
having ever purchased said dried apples from said Stringer,
or of any such transaction; that, until said December 11th,
1878, the said Stringer had never made any request or demand
of the appellant to pay for said dried apples, though, since said
alleged transaction, the appellant had frequently been in said
town of Ashland, where said purchase was said to have been
made, and had, during the six years since the alleged transac-
tion, been engaged in business in said city of Indianapolis.
And the appellant further said, that it was only by reason of
said threats, so made by said Stringer, that he would cause him
to be arrested and imprisoned unless he would execute said
notes and mortgage, he signed and delivered the same; and he
said that he was, at the time, 200 miles distant from his home,
and that the said Stringer threatened to have him then and
there arrested and imprisoned, if he refused to arrange said
alleged indebtedness.

The defendant Calvin F. Darnell was the recorder of said
Marion county, and the said Stringer had said mortgage in his
possession, and had said to appellant that he intended to cause
the same to be recorded at once in the recorder's office of said
county, and he would do so if not restrained by the order of
the court, and the appellant would thereby suffer irreparable
loss.   The said notes were given without any consideration
whatever, and were made payable at the Indiana National

Bank of Indianapolis, and were then in the hands of the defendant Burkett, as an escrow. The appellant prayed that said Stringer might be restrained from endorsing, selling, or in any manner disposing of said promissory notes, and that the said Darnell might be restrained from receiving for record and recording the said chattel mortgage, and that the said Burkett might be restrained from surrendering the said notes to said Stringer until the final hearing of this cause, and that, upon such hearing, the said notes and mortgage might be cancelled, and the said Stringer be perpetually enjoined from collecting, or in any manner disposing of the same, and for all other proper relief.

The appellees answered by a general denial of the complaint. The issues joined were tried by a jury, and a verdict was returned for the appellees, the defendants below. Over the appellant's motion for a new trial, and his exception saved, the court at special term rendered judgment against him for the appellees' costs. On appeal, this judgment was affirmed by the court in general term.

The only error assigned by the appellant, in the court below in general term, was, that the court at special term had erred in overruling his motion for a new trial. This alleged error he has brought before this court, by assigning here, as error, that the court in general term had erred in affirming the judgment of the special term.

In his motion for a new trial, the appellant assigned the following causes therefor:

1. In refusing to give the jury the instructions numbered one, two, three and four, asked for by the appellant;

2. In the several instructions given the jury by the court, of its own motion;

3. Because the verdict of the jury was not sustained by sufficient evidence; and,

4. Because the verdict of the jury was contrary to law.

The appellant's learned counsel have devoted a large portion of their elaborate brief of this cause to the discussion of

Adams *v.* Stringer *et al.*

the insufficiency of the evidence, as they insist, to sustain the verdict of the jury. We deem it unnecessary for us to follow counsel in their arguments on this question, or to extend this opinion by setting out the evidence and commenting at length thereon. The main question at issue between the parties was this: Was the execution of the notes and mortgage described in the complaint procured by the appellee Stringer by force, fraud and duress? Upon this question, the evidence was conflicting, and to us, as it appears in the record, is not very convincing or satisfactory. But the jury trying the cause, and the learned judge who presided at the trial, had the parties to the transaction as living witnesses before them, and saw and heard each of them, under the sanction of his oath, give his own account of the facts and circumstances, incident to and attendant upon the execution by the appellant of the notes and mortgage. The jury found generally for the defendants, thereby virtually finding that the execution of the notes and mortgage had not been procured by force, fraud and duress; and the judge of the court at special term, under whose eye the cause had been tried, refused to disturb the verdict of the jury, for the want of sufficient evidence. More than this, the able and learned court, in general term, sitting as an appellate court, refused to reverse the judgment of the special term, upon the weight of the evidence. In such a case, it can hardly be supposed that this court will, in contravention of its own long-established practice, attempt to weigh the evidence and reverse the judgment below, upon what may seem to us to be the fair preponderance of the evidence. Upon this point, we adhere to the uniform decisions of this court, and decline to reverse a judgment upon the evidence, where it appears, as it does in this case, that there is evidence in the record, which fairly tends to sustain the verdict of the jury on every material point. *Rudolph* v. *Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; *The Fort Wayne, etc., Railroad Co.* v. *Husselman*, 65 Ind. 73; *Lane* v. *Clodfelter*, 67 Ind. 51; *Barclay* v. *Miers*, 70 Ind. 346.

The appellant's counsel complain of the decision of the court, in refusing to give the jury certain instructions, at the appellant's request. These instructions were not made part of the record by a bill of exceptions or by an order of the court. Nor were these instructions made part of the record, under the provisions of section 325 of the Code. For, although the statutory formula, of "refused and excepted to," appears at the close of each of these instructions, as copied by the clerk of the lower court, yet this formula was not in any case "signed by the party or his attorney," as the statute requires. 2 R. S. 1876, p. 168. Indeed, these instructions were not even copied into the record, elsewhere than in, and as forming a part of, the appellant's motion for a new trial. In such a case, it may be regarded as settled by the decisions of this court, that the instructions, though copied at length in the motion for a new trial, do not thereby become and constitute a part of the record. *Burnett* v. *Overton*, 67 Ind. 557; *Bates* v. *The State*, 72 Ind. 434; *McDonald* v. *The State*, 74 Ind. 214. It follows, therefore, that the instructions, asked for by the appellant and refused by the court, were not made parts of the record of this cause in any of the modes prescribed by law, and present no question for the decision of this court. Busk. Prac., p. 254, and cases there cited.

The only instruction given the jury by the court, of its own motion, complained of in argument by appellant's counsel, was the fourth, which reads as follows:

"4. A contract made under compulsion may be avoided by the party by whom it was executed. Compulsion, however, to have this effect, must amount to what the law calls duress. Mere angry or profane words, or strong, earnest language, can not constitute such compulsion as will amount to duress, or enable a party to be relieved from his contract. There may, however, be duress by threats. Duress by threats does not exist, wherever a party has entered into a contract under the influence of a threat; but only where such threat excites,

Adams *v.* Stringer *et al.*

' or may reasonably excite,' a fear of some grievous wrong, as bodily injury or unlawful imprisonment."

The objection to this instruction, as we understand it, is that it does not contain a full statement of the law applicable to the case, and that it was calculated to mislead the jury trying the cause. So far as the first branch of the objection is concerned, it is sufficient to say, that, if the instruction stated the law correctly as far as it went, and we think it did, then it became the appellant's duty, if he thought the instruction was not sufficiently full, to ask the court for an additional instruction, to supply the supposed omissions in the one given. It was not only his duty to ask for such additional instruction, but if the court refused to give such additional instruction, at his request, it became his further duty to see that it was made a part of the record in one of the modes prescribed by law for that purpose. It seems to us that the instruction complained of contained a fair statement of the law on the subject of duress, as applicable to the case on trial, and we fail to see wherein, or how, it could possibly mislead the jury. The law as stated in the instruction is in strict accord, we think, not only with the decisions of this court, but with the general current of the authorities elsewhere, on the nature and extent of the duress which will enable a party to avoid his contracts. *Bennett* v. *Ford,* 47 Ind. 264; *Bush* v. *Brown,* 49 Ind. 573; *Coffelt* v. *Wise,* 62 Ind. 451; *Reynolds* v. *Copeland,* 71 Ind. 422; *Tucker* v. *The State,* 72 Ind. 242.

The appellant's counsel have criticised, rather than complained of, the third instruction given the jury by the court, of its own motion, which instruction reads as follows:

" 3. If you believe that the representation, charged and relied upon as false and fraudulent, was, that the plaintiff was indebted to the defendant in a certain sum, and the plaintiff was in fact so indebted, then your finding must be for the defendant upon the question of fraud. This will be so, even though the defendant may have by mistake wrongly stated

the items, or some of the items, which formed the consideration of such alleged indebtedness."

Counsel concede in argument that this instruction looks "fair and plausible," and, if applied to a running account between parties, covering numerous transactions, they "have no doubt it states the law correctly." This objection to the instruction seems to us to be untenable. The instruction contains a correct statement of the law, and, in our opinion, was as applicable to the case on trial as it would have been if the appellant's alleged indebtedness to the appellee Stringer had consisted of a running account, covering numerous transactions. If the appellant was indebted to the appellee Stringer in a certain sum, and if Stringer's representation of the fact of such indebtedness was the only representation charged and relied upon as false and fraudulent, and the jury so found, then, clearly, there could be no other finding, on the question of fraud, than a finding for the appellee Stringer, and the court did not err in so instructing the jury.

Upon the whole case, our conclusion is that it does not appear from the record before us that any error was committed by the court in general term, in affirming the judgment of the special term.

The judgment is affirmed, at the appellant's costs.

ELLIOTT, C. J., did not take part in the consideration or decision of this cause.