Gheens v. Golden.

No. 10,312.

GHEENS v. GOLDEN.

PLEADING.—*Complaint.*—*Contributory Negligence.*—An averment in a complaint for damages for injuries negligently caused, that the plaintiff was without any fault, sufficiently negatives contributory negligence on his part, unless it clearly appears otherwise from the specific facts stated.

SAME.—*Practice.*—*Harmless Error.*—Striking out a paragraph of answer averring facts admissible in evidence under the general denial pleaded, is not available error.

SUPREME COURT.—*Record.*—*New Trial.*—Neither affidavits nor instructions become part of the record on appeal by incorporating them in the motion for a new trial.

From the Clark Circuit Court.

*S. S. Johnson* and *J. G. Howard,* for appellant.
*J. K. Marsh, A. Baker* and *S. B. Toney,* for appellee.

ELLIOTT, J.—The appellee obtained a judgment against the appellant for injuries received while in the service of the latter and engaged in operating machinery connected with a cement mill, and from that judgment this appeal is prosecuted.

It is urged that the second paragraph of the complaint is bad, because it does not state facts showing that the appellee was free from contributory negligence. This position can not be maintained. It is averred that the injury occurred without any fault of the plaintiff, and this is a sufficient averment of the fact that he was not guilty of contributory negligence. Where the complaint contains such an allegation, it will be deemed sufficient upon this question unless it clearly appears from the specific facts pleaded that the plaintiff was himself guilty of negligence. *Rogers* v. *Overton,* 87 Ind. 410; *Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297; *Indianapolis, etc., R. R. Co.* v. *Hamilton,* 44 Ind. 76; *Riest* v. *City of Goshen,* 42 Ind. 339.

The matters pleaded in the second paragraph of the answer were admissible in evidence under the general denial which remained standing, and no error was committed in striking out that paragraph.

Neither affidavits nor instructions can be brought into the record by incorporating them in the motion for a new trial, and as the affidavits and instructions only appear in the motion for a new trial, we can not regard them as properly forming any part of the record. *Blizzard* v. *Riley*, 83 Ind. 300; *Dennerline* v. *Gable*, 73 Ind. 210; *Bates* v. *State*, 72 Ind. 434.

We have read the evidence with care, and while we feel that a different verdict would have been more in accordance with our views of the effect of the evidence, still we can not say that there is not evidence fairly sustaining the verdict, and where this is so we must respect the opinion of the jury evidenced by their verdict, and that of the trial court expressed in its judgment.

Judgment affirmed.