Johnson v. Holliday.

No. 8996.

JOHNSON v. HOLLIDAY.

SEDUCTION.—*Definition.*—Where a man, by promises and persuasions, overcomes the virtue of a woman, it is seduction; but where force is used, or where the woman yields her person to the man, through the promptings of her own lascivious and lecherous desires, there is no seduction.

PRACTICE.—*Preponderance of Evidence.*—*Number of Witnesses.*—The preponderance of evidence is not to be determined by the number of witnesses; and, in all cases, the credibility of the witnesses is a question for the determination of the jury or of the trial court.

SAME.—*Challenge of Juror for Cause.*—*Bill of Exceptions.*—No available error can be predicated upon the decision of the trial court, in overruling the challenge of a juror for cause, unless the record affirmatively shows, by bill of exceptions or order of court, that it contains the full and complete examination of the juror, on his *voire dire.*

SAME.—*Evidence.*—*Admissions by Silence.*—To affect a party with the statements of others, on the ground of his implied admission of their truth by silent acquiescence, it is not enough that they were made in his presence; for, if they were in evidence in a judicial proceeding, he is not at liberty to interpose when and how he pleases, though a party, and, therefore, is not concluded. The circumstances must be not only such as afford him an opportunity to act or to speak, but such as would properly and naturally call for some action or reply from men similarly situated.

From the Huntington Circuit Court.

*I. Van Devanter, J. W. Lacey, L. P. Milligan, A. Moore, W. A. Bonham* and *G. W. Harvey,* for appellant.

*A. Steele, R. T. St. John* and *H. Brownlee,* for appellee.

HOWK, J.—This action was commenced by the appellee against the appellant, in the Grant Circuit Court. Afterwards the venue of the action was changed to the Blackford Circuit Court, and from that court the venue of the cause was subsequently changed to the Huntington Circuit Court.

The appellee sued, in this case, to recover damages for her own seduction by the appellant, in a complaint of two paragraphs; to which the appellant answered by a general denial thereof. The issues joined were tried by a jury, and a gen-

eral verdict was returned for the appellee, assessing her damages in the sum of two thousand dollars. With their general verdict the jury also returned into court their special findings as to particular questions of fact, submitted to them by the appellant under the direction of the court, in substance, as follows:

"1. Was there any promise by defendant to marry the plaintiff? Answer. No.

"2. Did the plaintiff permit the carnal intercourse alleged in the complaint, through the influence of her own sexual desire? Answer. No.

"3. If the defendant had the carnal intercourse with the plaintiff, charged in the complaint, was such intercourse the result of an agreement between the plaintiff and the defendant, that, if the plaintiff would submit to have such carnal intercourse, he, the defendant, would support the plaintiff during her natural life? Answer. No.

"4. What was the condition of the health of defendant during the time of the alleged criminal intimacy between himself and the plaintiff? Answer. Not very good."

The appellant's motion for a judgment in his favor, on the special findings of the jury, notwithstanding their general verdict, was overruled by the court, and his exception was saved to this ruling. His motion for a new trial having also been overruled, and his exception saved to this decision, the court rendered judgment on the general verdict.

In this court the first five errors assigned by the appellant are the decisions of the circuit court, in overruling his challenge for cause to each one of five named jurors. The sixth alleged error is the overruling of the appellant's motion for a judgment in his favor on the special findings of the jury, notwithstanding their general verdict; and the seventh error assigned is the overruling of his motion for a new trial.

The first question discussed by the appellant's counsel, in their brief of this cause, arises under the alleged error of the trial court in overruling the motion for a new trial. It is

earnestly insisted by appellant's counsel, that the verdict was not sustained by sufficient evidence. Upon this point they preface their argument by the following summary of some of the points decided by the Superior Court of New York in the case of *Hogan* v. *Cregan*, 6 Robertson, 138, to wit: " In order to constitute seduction, more than the bare fact of criminal connection is necessary. It must have been procured by the use of insinuating arts, wiles and persuasions, on the part of the seducer, to overcome the seduced, without force. If it is the result of a mere mercenary bargain, emanating from or coolly and deliberately entered into by the woman, or if she was compelled by force, it does not come within the legal definition of seduction."

We do not controvert what is thus decided by the Superior Court of New York, but we utterly fail to see its applicability to the case at bar. True, the evidence tended to show that the appellee was abjectly poor, as were also her relations both by blood and marriage, and that she was a dependent cripple. It is true also, that evidence was introduced tending to prove that the appellant boasted of his wealth, and repeatedly promised the unfortunate and friendless woman that he would care and provide for her if she would yield her person to his lustful embraces. She lived on the appellant's farm, in the family of her sister's husband, with whom he boarded. Opportunity favored the appellant, and his promises and persuasions were renewed from day to day, until she finally yielded to his solicitations. This is what the evidence tended to establish, and this was seduction. There was not the slightest evidence that the sexual intercourse between the parties was the result of any bargain, mercenary or otherwise. Nor did the evidence tend to prove that the appellee yielded to the appellant's solicitations, " through the promptings of her own lascivious and lecherous desires." *Bell* v. *Rinker*, 29 .Ind. 267.

But the appellant's counsel further say : " The appellant squarely denies the matters detailed by the appellee upon this

point. The appellant and appellee are the only witnesses who testify as to the inducement for the connection; and we submit that the appellee fails to make out her case by a preponderance of evidence, admitting, for the sake of the argument, that the evidence of the plaintiff, standing alone, would make the connection seduction." This argument, as we understand it, proceeds upon the theory that the preponderance of the evidence, in every case, is to be determined by the *number* of the witnesses testifying on each side; that the preponderance will necessarily be in favor of the party who has the greater number of witnesses on his or her side; and that, if the number of the witnesses on each side should be equal, then he or she must fail who has the burthen of the issue. We need hardly say that this theory is radically wrong. Courts and juries can not, and ought not to, as a rule, weigh evidence and determine its value and sufficiency by the number of witnesses testifying on each side. The evidence of one witness, even though a party, may, and often ought to have, more weight in the proper decision of the cause than the testimony of a dozen adverse witnesses. It is the province of the trial court and jury to determine the credibility of the different witnesses, and to weigh and reconcile, if possible, their conflicting evidence; and, if their evidence can not be harmonized, the triers of the facts must determine which of the witnesses are the more worthy of belief. *Rudolph* v. *Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; *The Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Lane* v. *Clodfelter*, 67 Ind. 51.

The appellant's counsel next insist that the trial court erred in overruling the appellant's challenges for cause to James C. Favorite, Henry Brown and David Trivenger, who were accepted and sworn as members of the jury to which the issues in this cause were submitted for trial. It would seem from the bill of exceptions set out in the record, that each of the persons named was examined by the parties, under the direction of the court, touching his qualifications as a juror in the trial of this cause. But, on this point, the bill of exceptions

is manifestly imperfect and incomplete. It fails to show, in any manner, that it contains the full and complete examinations of the several jurors, or that any of them were examined under oath, touching their qualifications as jurors. It seems to be an abbreviated compilation of the proceedings had in empanelling the jury, imperfectly kept and hastily written out; and it does not even purport to be a full and complete copy of all such proceedings. We are of the opinion, therefore, that the alleged errors of the trial court, in overruling the appellant's challenges for cause to any of the jurors named in his assignment of errors, were not so saved in and by the record as to properly present any question for the decision of this court. Of course the appellant was entitled, as was the appellee, to a fair trial of the issues in the cause by a jury of competent jurors. But we can not assume that any of the jurors were incompetent. On the contrary, as all the presumptions are in favor of the rulings and decisions of the trial court, it behooves the party who may wish to claim in this court, that any of those rulings or decisions were erroneous, to so save and present them in the record of the cause as to exclude every reasonable presumption in favor of such rulings or decisions. *Myers* v. *Murphy*, 60 Ind. 282; *Stott* v. *Smith*, 70 Ind. 298; *Bowen* v. *Pollard*, 71 Ind. 177; *Williams* v. *Potter*, 72 Ind. 354; *Kissell* v. *Anderson*, 73 Ind. 485; *Smith* v. *Kyler*, 74 Ind. 575.

In the case at bar, as the appellant failed to make the examinations under oath of the several jurors of the jury, touching their qualifications as such jurors, parts of the record by a bill of exceptions or an order of the court, we can not and do not know from the record, that the appellant challenged for cause any of the jurors, or that the court overruled any such challenges, or, if it did, that it erred in any of such rulings. Therefore, if the appellant did challenge for cause any of the jurors, and if the court did overrule any such challenges, we are bound to presume, in the absence of

any showing to the contrary, that the court did not err in any such decisions.

One other point is made by the appellant's counsel. It appeared that the appellee had instituted a suit against the appellant, probably a proceeding in bastardy, before a justice of the peace. While the appellee was testifying as a witness, in the case now before us, she was asked by her counsel, with reference to her suit before the justice, to state if the appellant was arrested and taken before the justice, at any time when she was present, " whether he denied the charge there made at all, or not." To this question she answered that " he never said a word ; " to which answer the appellant objected. Appellee was then asked, " State if he said anything." And she answered, " He said nothing ; no sir, not a word." The appellant's counsel excepted. Appellee was then asked this question : " State whether your testimony, that you gave there, was given in his presence, or how that was." This question was objected to, and the court said : " That testimony of his silence could not be given, and would not be competent." The question was not answered, and no other questions were asked concerning the proceedings before the justice.

It would seem from these proceedings, that the appellee had intended to put in evidence an implied admission by the appellant, of the truth of the appellee's testimony before the justice resulting from his failure to deny her statements as a witness, when made in his presence. But the court very properly, we think, excluded the offered evidence, on the ground of incompetency. The rule on the subject of such evidence is thus stated in note 1 to section 197 of 1 Greenleaf on Evidence : " To affect a party with the statements of others, on the ground of his implied admission of their truth by silent acquiescence, it is not enough that they were made in his presence ; for, if they were given in evidence in a judicial proceeding, he is not at liberty to interpose when and how he pleases, though a party ; and therefore, is not concluded." This rule of evidence has been recognized and approved by

this court, in several cases. *Pierce* v. *Goldsberry*, 35 Ind. 317; *Broyles* v. *The State, ex rel., etc.,* 47 Ind. 251; *Howard* v. *Howard*, 69 Ind. 592.

But the appellant's counsel claim that the court erred in allowing the appellee to answer the first two questions above quoted. In regard to this claim, it is enough to say, that the record fails to show any objection, on the part of the appellant, to either of these two questions; and, certainly, it did not show that he stated to the trial court the grounds of his objection to either question. In such a case, the rule is well settled that this court will not, on appeal, consider the question of the admissibility of the evidence, nor any objections made here to its admission. *Rosenbaum* v. *Schmidt*, 54 Ind. 231; *McCormick* v. *Mitchell*, 57 Ind. 248; *Hyatt* v. *Clements*, 65 Ind. 12; *Smith* v. *Kyler, supra.*

Our conclusion is, that the court committed no error, in overruling the appellant's motion for a new trial.

The judgment is affirmed at the appellant's costs.