No. 17,727.

## DOUTHITT v. THE STATE.

TRIAL.—*Excluding Juror.*—*Criminal Law.*—It is not too late to exclude a juror in a criminal case after the jury has been sworn.

APPELLATE PROCEDURE.—*Insanity of Juror.*—*When Not Ground for Reversal.*—An order refusing a new trial on the ground of insanity of a juror will not be disturbed on appeal, where the appellant's counsel had notice that some question existed of the juror's mental qualification, although not of the inquisition eight years before, and his confinement in a hospital, and the record does not show the full examination of the juror.

From the Sullivan Circuit Court.

*O. B. Harris* and *W. T. Douthett*, for appellant.

*W. A. Ketcham*, Attorney-General, *C. D. Hunt*, Prosecuting Attorney, *W. L. Slinkard* and *W. H. Brichnell*, for State.

HACKNEY, C. J.—The appellant was tried and convicted upon an indictment charging him with the crime of arson. The one question here presented for decision arises upon the appellant's motion for a new trial as presented by the fifth cause in said motion assigned. It was shown by that assignment that a juror had, some years before the trial, been confined, for a short period, as a patient in the insane hospital and had been discharged as improved. It was further shown that the jury had been sworn to try the cause, and, before proceeding with the trial, the prosecuting attorney advised one of the attorneys representing the appellant in said trial that said juror had at one time been considered a "little off" and that it was desired to notify the appellant of that fact. That the judge presiding at said trial called said attorney so representing the appellant, and "repeated substantially the same conversation to him, remarking at the same time that it was a delicate matter." The record discloses no request on behalf of the appellant to further interrogate the juror; no objection was made to the juror's service, and no suggestion was offered or consent given that the juror should be discharged, but, without further question, the trial proceeded to its conclusion. The motion sets out copies of the records of inquisition, confinement and discharge in support of the charge that the juror was disqualified, and states that of such "facts this defendant and his counsel were wholly ignorant until said trial was over

and the verdict of the jury in said cause was returned." The motion does not purport to disclose the exact words of the prosecuting attorney nor those of the judge in giving to appellant's counsel the notice of the question as to the juror's qualification. The burden rested upon the appellant to negative any notice to himself and to his counsel of the continued unsoundness of mind of the juror, and by the showing made he has negatived notice only of the facts relating to the inquest, the confinement and discharge from the hospital, so far as his counsel were concerned. That his counsel had notice that some question existed, at the time of the trial, of the juror's mental qualification, not only appears from the failure to negative that fact, but is made apparent from the statements of the judge and prosecutor to his counsel. If these statements were of a doubtful or equivocal character, possibly not amounting to notice or not putting the counsel upon inquiry, it was certainly the appellant's duty to disclose that fact or place the notice in the exact form to enable the court to judge whether it was sufficient. That it was intended to negative only the existence of any notice as to the proceedings, confinement and discharge from the hospital is made clear by the fact that the notice given by the judge and prosecutor of the existing question of qualification, preceded the trial and verdict. Otherwise, the two statements of the motion, namely: that which negatives notice and that which discloses notice could not be true.

The facts indicate very clearly that appellant's counsel were willing to know as little as possible of the juror's qualification in this respect before the trial, and as much as possible following it. That it was preferred to take the chances of an acquittal by the jury as constituted, and, failing in that, to pursue

the suggestion of the judge and prosecutor to obtain the chance of another trial, was manifest. The only possible escape from these conclusions of fact must rest upon the supposition that after the jury had been sworn it was too late to exclude a juror. This supposition, as a question of law, we think is erroneous. *People* v. *Damon*, 13 Wend. 351; *Dilworth* v. *Commonwealth*, 12 Gratt. 689; (s. c.) 65 Am. Dec. 264; *McGuire* v. *State*, 37 Miss. 369; Abbott Trial Brief, Crim. Cases, page 126, section 226; *Bristow* v. *State*, 15 Gratt. 446; *Harrington* v. *State*, 76 Ind. 112; *Henning* v. *State*, 106 Ind. 386; *May* v. *State*, 140 Ind. 88.

It would be no less than a farce if, because the jury is sworn and a discovery is made which will create a mistrial, the court should be denied the right to discharge a juror and should be required to proceed to the end of the trial and then set aside the verdict or permit the defendant, if a criminal cause, to escape because of an invalid panel. It would be no less a farce, if the defendant discovers, before any evidence is heard, that a juror sworn to try the cause, is disqualified from sitting, and he should be denied the right to disclose that fact and secure an impartial jury of competent triers. And a conclusion still more absurd is that which would permit a defendant who makes timely discovery of a question affecting his interests to sit by and observe the result of that discovery without objection. Such discoveries not disclosed seasonably are not available, but are deemed to be waived. *May* v. *State, supra.*

The record affirmatively discloses that the jury was duly and legally empaneled and consisted of good and lawful men. There is no evidence in the record of the examination of the juror as to his qualification, and we are unable to judge of the extent to which the

mental capacity of the juror was tested by the court and counsel. Certainly the higher the degree of intelligence displayed by the juror, on his examination, the further would the defendant be removed from a knowledge that the juror was insane. But that the capacity of the juror may have been tested without the direct inquiry as to whether he was of unsound mind is probable.

It has been held by this court in *Indianapolis, etc., R. W. Co.* v. *Pitzer*, 109 Ind. 179, and *Johnson* v. *Holliday*, 79 Ind. 151, that where the record does not contain the entire examination of the juror no question will be entertained touching his competency. However, our decision is only upon the question of waiver by reason of notice to counsel.

No available error is disclosed by the record, and the judgment of the circuit court is affirmed.

Filed January 28, 1896; petition for rehearing overruled March 27, 1896.