## ANNADALL *v.* UNION CEMENT & LIME COMPANY.

[No. 6,286.    Filed April 8, 1908.    Rehearing denied June 3, 1908.
Transfer denied July 2, 1908.]

1. APPEAL.—*Reversal.—Causes for.*—A judgment will be reversed only for errors affecting the substantial rights of the parties. p. 266.

2. SAME.—*Motion for New Trial.—Overruling.—Presumptions.*—The presumption is that the action of the trial court in overruling a motion for a new trial was correct; and the burden of showing error therein is upon appellant.    p. 266.

3. SAME.—*Jury.—Voir Dire Examination.—How Questioned on Appeal.*—Questions relating to the *voir dire* examination of the jury can be raised, on appeal, only by bringing up the entire record of such examination.    p. 266.

4. TRIAL.—*Jury.—Peremptory Challenge.*—The plaintiff has a right to challenge jurors without showing cause.    p. 267.

5. SAME.—*Jury.—Voir Dire Examination.—Interest in Defendant's Indemnifying Company.—New Trial.—Requisites.*—Where the trial court refused to permit the plaintiff, in a personal injury case, to interrogate the jurors on their *voir dire* examination as to their interest in defendant's idemnifying insurance company, the plaintiff should show by affidavit made part of his motion for a new trial that such interest existed.    p. 267.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by John W. Annadall against the Union Cement & Lime Company.    From a judgment for defendant, plaintiff appeals (see, also, same case, 165 Ind. 110).    *Affirmed.*

*George H. Voigt,* for appellant.
*M. Z. Stannard* and *Ward H. Watson,* for appellee.

COMSTOCK, J.—Action by the appellant to recover damages for personal injuries alleged to have been sustained by him while in the service of appellee.    The issue was formed by the complaint and general denial.    The cause was tried by jury, and a verdict returned for defendant.

The error assigned is the overruling of appellant's motion for a new trial.    The only ground relied upon for a

reversal is the refusal of the trial court to permit the jurors, while the jury was being impaneled to try the cause, and before plaintiff had made any peremptory challenges, to answer a question propounded by plaintiff's attorney, which question is hereinafter set out in special bill of exceptions number four, which bill is in the following language: "Be it remembered that after this cause had been called for trial, and while the jury was being impaneled to try the same, and the panel being full, the court required the plaintiff to state whether he was satisfied with the jury as then constituted, and thereupon the attorney for the plaintiff propounded the following question to the jury as then constituted: 'Gentlemen of the jury: I will ask you and each of you whether you have any financial interest in the Travelers Insurance Company?' To which question the attorney for defendant objected, and thereupon the attorney for the plaintiff stated to the court that he propounded the question for the purpose of determining whether the plaintiff would peremptorily challenge any of the jurors. The plaintiff's attorney further stated to the court that, in order to determine whether he should make such peremptory challenge, it would be necessary to know the answers of the jurors to said question; that the defendant company was insured by said Travelers Insurance Company against any loss said defendant company might sustain by reason of this action, and said insurance company was financially interested in the result of this action; that thereupon the court refused to permit the jurors, or any of them, to answer said question, to which action the plaintiff at the time excepted; that at the time said question was propounded by plaintiff's attorney the plaintiff had not made any peremptory challenges of the jurors, and the persons who filled said panel at the time said question was asked, excepting three afterwards challenged by plaintiff and two by the defendant, were afterwards accepted and sworn as the jurors to try said cause and said jurors so selected to try said cause."

Only errors affecting the substantial rights of litigants are causes for reversal. §407 Burns 1908, §398 R. S. 1881 and Horner 1901; *Terre Haute Electric Co.* v. *Watson* (1904), 33 Ind. App. 124.

Nothing appearing to the contrary, it will be presumed on appeal that the motion for a new trial was properly overruled. *Citizens St. R. Co.* v. *Marvil* (1903), 161 Ind. 506; *Colles* v. *Lake Cities Electric R. Co.* (1899), 22 Ind. App. 86; 1 Thornton's Civil Code, §352, note 30, and cases cited. It follows that the party seeking the reversal has the burden of showing that his substantial rights were prejudiced by the ruling of which he complains.

It has been held in this State that unless the record contains the entire *voir dire* examination of jurors the action of the trial court, as here sought to be presented, will not be reviewed. *Indianapolis, etc., R. Co.* v. *Pitzer* (1887), 109 Ind. 179, 58 Am. Rep. 387; *Johnson* v. *Holliday* (1881), 79 Ind. 151; *Douthitt* v. *State* (1896), 144 Ind. 397; 12 Ency. Pl. and Pr., 530. In *Indianapolis, etc., R. Co.* v. *Pitzer, supra,* the court said: "The appellant propounded a question to the person called as a juror, and the trial court refused to permit it to be answered. The record does not properly present the point which the appellant essays to make upon this ruling, as it sets forth only the question asked the juror. In order to enable this court to ascertain whether any injury was done the appellant, the entire examination of the juror should have been brought into the record." There is no attempt to make the entire *voir dire* examination a part of the record. It shows only a single question propounded to the jurors collectively, and discloses appellant's exception to the refusal to permit the question to be answered without in any manner disclosing or setting forth other questions propounded to and answered by the jury in the course of their examination. The record shows that when the question was propounded the jury panel was full, from which it may reasonably be inferred

that other questions had been put to the jurors, and it is nowhere shown that other questions were not propounded to and answered by the jurors.

Counsel for appellant recognizes the rule that, to present error in overruling the challenge of a juror for cause, the record should contain the complete examination of the juror, but claims that such holding can have no application to the case at bar, because (1) the question was asked for the avowed purpose of challenging jurors peremptorily, and not for cause; (2) the question presented is not one of the competency of a juror, but the right of the appellant for eliciting necessary information from all jurors.

The appellant had the right to challenge peremptorily without reference to qualification. Cases are cited by counsel for appellant, among them the case of *M. O'Connor & Co.* v. *Gillaspy* (1908), 170 Ind. 428, in which the examination of the juror was permitted by the trial court, and in which there was a verdict against the defendant, the appellant seeking in each instance the reversal because of the action of the court in permitting the examination to be made. It was held in these several opinions that the matter rested in the sound discretion of the trial court, and, there being nothing to indicate a lack of good faith, the judgment would not be reversed because of the fact that these examinations were permitted to take place.

The distinction between the cases cited by appellant and the case under consideration is marked, none of them holding that the refusal of the court to permit the inquiry to be made of the jury would constitute reversible error. It is, however, implied in the cases cited, that reversible error could not be predicated on such a ruling, unless it appeared that the propounder of the query was in some way prejudiced by the ruling, which would necessarily involve a showing that some disqualified juror sat in the case.

The motion for a new trial in the case at bar was filed

twelve days after the verdict was returned, and is not supported by affidavit showing that some disqualified juror sat in the case. The failure so to support the motion for a new trial serves to emphasize the presumption that the case was determined by impartial and qualified jurors.

We do not hold such question improper, but, in the condition of the record, we cannot say that it should have been answered, or that appellant was prejudiced by the action of the court in disallowing it.

Judgment affirmed.

Roby, C. J., absent.

Watson, J., did not participate in this decision.