CLICK *v.* STATE OF INDIANA

[No. 28,652. Filed November 15, 1950.]

Jasper, J., not participating.

*Robert A. Buhler, Charles Z. Bond,* and *Dan C. Flanagan,* all of Fort Wayne, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *George W. Hand,* Deputy Attorneys General, for appellee.

GILKISON, J.—In the trial court appellant was charged with murder in the first degree, in each of three counts of an indictment. After his motion to quash the indictment was overruled, he entered a plea of not guilty. His trial by jury resulted in a verdict of guilty as charged in the indictment and his punishment was fixed at death by electrocution. A motion for new trial was overruled. From a judgment on the verdict the appeal is taken.

Error is assigned in overruling the motion for new trial. Appellant presents only causes 1-C and 4 of this motion as causes for reversal. We shall limit our consideration to these two alleged errors.

Cause 1-C is objections to questions put to a proposed juror, named Tippmann, in the presence of the other jurors on his voir dire examination by the prosecuting attorney. The first question is as follows: Q. "Mr. Tippmann, I will re-ask the question I asked of you before, it having been propounded to you in your examination previously and within the hearing of the other jurors, also by counsel for defendant—a question concerning the conviction of this defendant for the crime of kidnaping and the fact that he is serving life imprisonment for that crime. That question and that fact has been interjected into the examination of the jurors by defense counsel. It has not been presented to any of the prospective jurors by the state. That question having been asked, I now ask you that should it be shown to be a fact that the defendant, Franklin Click, has heretobefore been convicted or pleaded guilty to the crime of kidnaping and is now serving a life sentence for that crime, as to whether or not you will consider that evidence along with all the evidence in the case in arriving at your verdict." "A. If that evidence was submitted in the trial."

Appellant's objection was as follows: "To the question propounded the defense objects for the reason that it assumes to instruct the jury that they would have a right to consider such evidence as evidence of the guilt of the defendant, whereas such evidence could not be admissible for any purpose except for impeachment of any testimony given by the defendant himself."

This objection was overruled.

The state then propounded to the proposed juror the following question: "What I want you to understand, and I believe you do—I am asking this question now more for the record—in the event of your selection as a juror in this case you will consider, in arriving at your verdict, all of the evidence that's presented here from the witness stand."

A. "Yes."

Thereupon the following action was taken by appellant: "We now challenge the juror who has answered the question 'Yes' for the reason that he stated that he will consider evidence which would not be proper for consideration. The challenge is for cause."

The challenge was overruled.

Thereupon the appellant moved as follows: "The question having been repeated in the presence of and to each and all of the jurors, we now move that all of the jurors now in the box be discharged because of improper conduct of counsel and improper presentation to them of evidence which could not properly be considered by them." The motion was overruled. The juror remained and served as a juror in the cause.

It will be noted that the questions propounded by the state to the proposed juror did not assume to instruct the jury that it would have a right to consider the evidence mentioned as evidence of defendant's guilt. On the contrary it asked

merely that if such evidence was produced at the trial whether the juror would consider it with the other evidence in the case in arriving at their verdict. There is no showing that such evidence was submitted in the trial, and there is no presumption that the jury would consider the question put to the prospective jury as evidence in the case. The juror's answer is to the contrary.

From the two questions asked the proposed juror by the state as shown herein, we note that the entire examination of the proposed juror is not in the record. It has been held frequently that this court will not pass upon the competency of a juror unless the entire examination of the juror on his voir dire is set out in the record. *Johnson* v. *Holliday* (1881), 79 Ind. 151, 154, 155 and cases there cited; *Douthitt* v. *State* (1896), 144 Ind. 397, 401, 42 N. E. 907; *The Indianapolis, Peru and Chicago Railway Company* v. *Pitzer* (1887), 109 Ind. 179, 189, 191, 6 N. E. 310, 10 N. E. 70. See also *Annadall* v. *Union, etc. Lime Co.* (1908), 42 Ind. App. 264, 266, 84 N. E. 359; *Heacock* v. *Arnold* (1929), 90 Ind. App. 476, 477, 169 N. E. 89. Without the entire voir dire examination of the juror before us we find no error in the action of the court in overruling the objections to the questions propounded to the proposed juror; for the same reason we find no error in the action of the court overruling a challenge of the juror for cause.

Our statute, Section 9-1504, Burns' 1942 Replacement enumerates fifteen different reasons for challenging a proposed juror for cause, and our courts have been liberal in allowing many additional reasons all in an effort to assure a defendant a fair and impartial trial by an unbiased, unprejudiced and disinterested jury of his peers. In an attempt to

accomplish this desired end great discretion is necessarily vested in the trial judge. Since, on appeal, all presumptions are in favor of the rulings and decisions of the trial court, it is required that the party wishing to question any of those rulings or decisions must save and present them in the record fully in order to overcome the presumptions in their favor. *Mercer* v. *Corbin* (1889), 117 Ind. 450, 455, 20 N. E. 132, 3 L. R. A. 221, 10 Am. St. Rep. 76; *Johnson* v. *Holliday* (1881), 79 Ind. 151, 155, *supra*. We find no error of the court in overruling appellant's motion to discharge "all the jurors now in the box" because of the alleged improper conduct of counsel and "improper presentation of evidence that could not properly be considered by them."

Cause 4 for new trial is made under Clause *Eighth* of Section 9-1903, Burns' 1942 Replacement. It is based wholly upon a letter writted by one Ralph W. Lobaugh to Robert A. Buhler, one of appellant's attorneys under date of December 4, 1949, in which he says that he, Lobaugh, alone killed Phyllis Conine, and two other women whom he named.

Appellant, on the advice of his attorney, Mr. Buhler, had theretofore made written confession that he alone had killed Phyllis Conine and the other two women. His written confession so made, that he alone had killed Phyllis Conine, was put in evidence without objection, in his trial in the court below. The action of the trial court in admitting this confession in evidence is not questioned on this appeal.

In the trial below appellant put in evidence without objection his own exhibits A and B. Both exhibits are written on stationary of the Ft. Wayne police department, and are as follows:

Defendant's Exhibit A.

"Department of Police
"Fort Wayne, Indiana

"Fort Wayne, Indiana, August 21, 1949

"Marie Click    Fort Wayne, Indiana

"My dear Wife: I want you to be the first to know and learn from my own lips that I am a murderer . . . I am the one and the only one guilty and the only one that murdered Wilhelma (Billie) Haage February 2, 1944; Anna Kuzeff May 22, 1944, and Phyllis Conine August 4, 1944 . . . no other person was with me or participated in either of these murders . . . this I know is a terrible confession and I want you to hand this confession to Chief of Police Lester Eisenhut . . . I understand that by doing so you will be entitled to the reward offered for information leading to the arrest and conviction of the murderer . . . I am the murderer . . . you are the first person to whom I have confessed . . . demand the reward . . . you will need the money . . . may God Help Me . . . and you forgive me and be a mother and a father to our five dear children . . . I waive any and all my constitutional rights which Mr. Buhler has fully explained to me . . . together with any and all rights concerning privileged communications.

Witness
*Robert A. Buhler*     *Franklin Click"*

Defendant's Exhibit B.

"Department of Police
"Fort Wayne, Indiana

"Fort Wayne, Indiana, August 21, 1949

"Chief of Police:

"I hand you herewith confession of my husband to the murders of Wilhelma (Billie) Haage . . . Anna Kuzeff and Phyllis Conine my husband Franklin Click has confessed to me these murders and signed a written confession to me . . . I now demand that if my husband should be convicted of

these crimes or any one of them that the reward offered totaling $16,500.00 be paid to me . . .
Witness
Robert A. Buhler
Robert A. Buhler                    Mrs. Marie Click."

Without determining the questions presented as to the manner in which the alleged confession of Lobaugh is brought into the motion for new trial, we shall consider that motion as it was presented to the trial court.

When a motion for new trial is presented to the trial court on the ground of newly discovered evidence, its determination rests in the exercise of a sound discretion by that court. *Anderson* v. *State* (1928), 200 Ind. 143, 148, 161 N. E. 625; *Rector* v. *State* (1937), 211 Ind. 483, 494, 190 N. E. 172. In weighing the probative force of the newly discovered evidence the trial court must consider such evidence in the light of all the evidence upon which the jury reached its verdict. *Rector* v. *State, supra; Morton* v. *State* (1935), 209 Ind. 159, 165, 198 N. E. 307; *Gavalis* v. *State* (1922), 192 Ind. 42, 49, 135 N. E. 147; *Yessen* v. *State* (1950), 228 Ind. 316, 334, 92 N. E. 2d 621, 629.

A part of this evidence is the detailed confession of appellant in which under the apparent direction of his attorney he rather minutely describes his actions in the sordid murder of the unfortunate girl victim. In this situation it was for the trial court to determine whether in another trial a jury might give more credence to the confession of Lobaugh than to the confession of appellant, and for that reason might return a verdict for appellant. We cannot say that such a result is probable. It has been said by this court that: "The newly discovered evidence, in order to warrant the granting of a new trial, must be very material and decisive in character and be such as to

raise a strong presumption that it, in all probability, will bring an opposite result on another trial." *Anderson* v. *State* (1928), 200 Ind. 143, 148, 161 N. E. 625, *supra; Rector* v. *State* (1937), 211 Ind. 483, 495, 190 N. E. 172, 7 N. E. 2d 794, *supra; Sullivan et al.* v. *State* (1937), 212 Ind. 79, 82, 6 N. E. 2d 951. Of course, it is true the confession of Lobaugh and that of appellant cannot both be true. By his ruling on the motion for new trial, the trial court has determined that appellant's confession is of such probity, that the Lobaugh confession would not prevail against it should a new trial be had. We find no abuse of discretion in this ruling.

In argument appellant suggested that the reward offered for the detection and conviction of the person who murdered Phyllis Conine and the other two girls, under the prevailing circumstances, produced a motive for appellant's confession; and that the many questions put to him by the police were such as to give him a clue to the facts in the case, so that he could incorporate them in his confession. He further calls attention to the fact that coincidental and concurrent with his confession came a demand by his wife, inspired by his letter to her, for the reward offered for the arrest and conviction of the murderer, However, the action of appellant and his wife with reference to the reward offered seems to have been taken with the approval of appellant's attorney, Mr. Buhler, and all of the facts and inferences with reference to those matters were before the trial jury, and before the trial judge in the motion for new trial. The trial jury and the trial judge are the sole authorities, authorized by the constitution and laws of the state, to weigh the evidence. Art. 1, § 19, Indiana Constitution; § 9-1903, Burns' 1942 Replacement. *Rector* v. *State* (1937), 211 Ind. 483, 487, 190 N. E. 172, 7 N. E. 2d

794, *supra; Sullivan* v. *State* (1937), 212 Ind. 79, 82, 6 N. E. 2d 951, *supra; Hamilton* v. *State* (1934), 207 Ind. 97, 105, 190 N. E. 870. Each has performed its respective duty of weighing the evidence in this case, and found against appellant. There is ample evidence in the record to support their finding.

Finding no error in the record the judgment of the Allen Circuit Court is affirmed.

Jasper, J., not participating.

NOTE.—Reported in 94 N. E. 2d 919.