## NEELY *v*. STATE OF INDIANA.

[No. 29,666. Filed January 27, 1960. Rehearing denied March 16, 1960.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

LANDIS, J.—Appellant was charged with the unlawful possession of narcotics in violation of statute[1] and upon his plea of not guilty was tried by the court without the intervention of a jury. He was convicted and sentenced for a period of 1 to 10 years in the State Prison.

Appellant's first contention on this appeal is that the court erred in overruling his motion to suppress the evidence that police officers found narcotics to be pres-

---

1. Burns' §10-3538 (1959 Cum. Supp.), being Acts of 1957, ch. 238, §2, p. 545.

ent in the car appellant was driving at the time in question.

We do not believe appellant's position in this respect is meritorious as the search of the car appears to have been made reasonably incident to the lawful arrest of appellant for running a stop sign. It is well settled that a search reasonably incident to a lawful arrest can properly be made although accomplished without a search warrant. See: *Berry* v. *State* (1926), 197 Ind. 212, 150 N. E. 315.

The remaining contentions of error are predicated upon the court's overruling of appellant's motion of new trial.

Appellant argues generally that the evidence was insufficient to sustain the finding of guilty entered by the lower court but does not show in what respect the evidence below favorable to the state was insufficient to sustain the finding of the trial court. Appellant's position is therefore not well taken.

Appellant also contends that the court erred in overruling his motion for new trial setting forth newly discovered evidence but appellant's contention is without substance as appellant has not shown how his newly discovered evidence would probably change the result on another trial. The ruling of the trial court was therefore not an abuse of its discretion. See: *Key* v. *State* (1956), 235 Ind. 172, 132 N. E. 2d 143; *Click* v. *State* (1950), 228 Ind. 644, 94 N. E. 2d 919.

As no reversible error has been shown, the judgment is affirmed.

Arterburn, C. J., and Jackson and Bobbitt, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 164 N. E. 2d 110.